Little v. Woodworth.

JOHN LITTLE AND HOBART WILLIAMS, PLAINTIFFS IN ERROR, v. CHARLES D. WOODWORTH, DEFENDANT IN ERROR.

**Warranty.** There is no particular form of words necessary in order to constitute a warranty of soundness of a chattel. If the vendor in the sale of a horse upon being asked by the purchaser

NOTE.—The authorities upon the subject of implied warranty in the sale of chattels are collated in a very valuable note, appended by the editor to the case of *Emerson v. Brigham*, 6 American Decisions, 109.—REP.

whether the horse is "all right," asserts that the horse is "all right," such assertion may be sufficient evidence of a warranty against the blindness or other unsoundness of the horse.

ERROR from the district court for Douglas county. The opinion states the case.

*George W. Ambrose*, for plaintiff in error.

*John D. Howe*, for defendant in error.

1.   The charge on the subject of warranty is liable to no objection. *Morrill v. Wallace*, 9 N. H., 115. *Hahn v. Doolittle*, 18 Wis., 196. *Randall v. Thornton*, 43 Me., 226. *Smith v. Justice*, 13 Wis., 600. *Frey v. Vanderhoof*, 15 Wis., 397. *Boothby v. Scales*, 27 Wis., 627. *Wilbur v. Cartright*, 44 Barb., 536. *Willard v. Merritt*, 45 Barb., 295. *Beals v. Olmstead*, 24 Vt., 115. *Henshaw v. Robbins*, 9 Metc., 83. *Warren v. Van Pelt*, 4 E. D. Smith, 205.

2.   The charges on the subject of fraudulent representations were sound. *Jones v. Edwards*, 1 Neb., 170. Kerr on Fraud 74, and note (1), 75 and note (2), 53–57. *Pickard v. McCormick*, 11 Mich., 78. *Frensel v. Miller*, 37 Ind., 1. *Moor v. Baines*, 116 Mass., 396. *Clark v. French*, 5 Neb., 552. *Phipps v. Buckman*, 30 Pa. St., 402. *Taylor v. Fleet*, 1 Barb., 471. *Bigler v. Flickingers*, 55 Pa. St., 279.

3.   The charge that was refused was clearly objectionable. 1 Parsons Cont., 439. *Birdseye v. Frost*, 24 Barb., 367. *Chatfield v. Frost*, 3 S. C., 357. *Bigler v. Flickingers*, 55 Pa. St., 279. *Harris v. Mullins*, 32 Ga., 704. *Overby v. Lightby*, 27 Ind., 27. *Bondurant v. Crawford*, 22 Ia., 40. *Longshore v. Jack & Co.*, 30 Ia., 298.

COBB, J.

Action for breach of warranty in sale of a horse by plaintiffs in error to defendant in error. On the trial in the district court the judge, at the request of defendant in error, gave the following instructions in charge to the jury:

3. If during the negotiation for the sale of the horse the defendant made an assertion of soundness, which assertion was intended to cause the sale of the horse, and was operative or effectual in causing such sale, then such assertion would constitute a warranty. But a mere expression of an opinion is not enough to constitute a warranty.

4. But in case you should be of opinion that the plaintiff has not made out a warranty by a preponderance of evidence, then, in the second place, you are to enquire whether the plaintiff can recover by reason of fraudulent representations; ·even if there was no warranty the defendants will be liable to the plaintiff if they represented the horse to be sound, and the plaintiff, ignorant of his unsoundness, and relying on such representations, was induced by them to make the purchase, provided that such representations were false · and the defendant knew them to be so.

5. But it should be borne in mind that in order to give a purchaser a right of action for fraudulent representations the representations must have been relied upon by the plaintiff and must have been an inducement to the purchase. If the purchaser knows of the defects afterwards claimed to have been the subject of the false representations, or if he resorts to other means of knowledge open to him and chooses to judge for himself in the matter, and relies upon such other means of knowledge, and not upon the representations made, the defendants cannot be made liable.

The court also refused to give the following instruction prayed for by the plaintiffs in error: "Warranty does not extend to such defects as are patent and visible to the purchaser, and if you believe from the testimony that the plaintiff had knowledge of the defects in the eyes of this horse or could have discovered them by inspection, he cannot recover in this case, although you shall believe from testimony that there was an express warranty as to soundness on the part of the defendants."

It is well settled that no particular form or set of words are necessary to constitute a warranty of the character or soundness of chattels, but that any form of words, whereby a vendor, pending a negotiation, makes affirmation or assertion that his article of traffic is possessed of a particular character for the purpose of inducing a purchase, when such affirmation or assertion is relied upon by the purchaser, will constitute a warranty. Some cases make a distinction between affirmation and mere assertion, but in the sense in which the words are used in this connection there is no difference. Again, many cases make a distinction between the assertion of a fact and the expression of an opinion. Whether certain words would be regarded as the affirmation of a fact or the expression of an opinion would often depend upon the nature of the article commended. Words which might amount to a warranty of soundness of a horse might be regarded as a mere expression of opinion when applied to the merits of a patent washing machine.

We see no objection to the first instruction given, as it very fairly expresses the law of the case as we understand it. As to the second instruction (numbered 4), while it was scarcely applicable to the evidence in the case, yet as it expresses only correct law and could not have misled the jury, the giving of it is not sufficient

Little v. Woodworth.

cause for disturbing the judgment; and so of the other instruction given.

There was no error in the court's refusal to give the instruction prayed for by plaintiffs in error.    The defendant in error was no judge of horses or of diseases of horses.   He had heard that there was something wrong with one of the horse's eyes.   He made inquiry of the other party and was told that "the horse must have got a straw in it."   He received the same reply from the former owner of the horse as well as from others.   They all agreed in ascribing that whatever was the matter with the horse's eye came from the trivial cause of his having got a straw in it.  The defendant in error was engaged as a clerk, his duties requiring his regular attendance, and hence allowing him no opportunity to make enquiries as to the horse's condition; he was dealing with a responsible firm, whose guaranty or whose word was perfectly good.   Under these circumstances he had the right to rely upon their warranty that the horse was " all right."

. We have treated this case as though there was no conflict in the testimony, the verdict of the jury who are the sole judges between conflicting testimony having settled that.

The judgment is affirmed.

JUDGMENT AFFIRMED.