Halliday v. Briggs.

ALBERT HALLIDAY, PLAINTIFF IN ERROR, V. B. B. BRIGGS, DEFENDANT IN ERROR.

1. **Warranty.** To make a representation of the vendor, as to the quality of the thing sold, a warranty, it must have been *relied on* by the vendee.

2. ————. If the vendor merely give his opinion or judgment upon a matter of which he has no special knowledge, and on which the buyer may be expected also to have an opinion and to exercise his judgment, it is not a warranty.

3. ————. If there be any doubt upon the evidence whether the seller intended to make an affirmation, or to express his own opinion merely, the matter should be submitted to the jury.

4. **New Trial:** CUMULATIVE EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Colby & Hazlett* and *A. H. Babcock*, for plaintiff in error. Third instruction. 1 Hilliard Torts, 11, 12, 34. Pomery Rem., § 559. 1 Parson's Cont., 576, n. "h." *Miller v. Nichols*, 5 Neb., 478. *Little v. Woodworth*, 8 Id., 281. Fourth instruction. *Smith v. Justice*, 13 Wis., 674. Hilliard Sales, 342.

*J. E. Bush, J. N. Rickards*, and *Hurley & Crane*, for defendants in error, cited: *Adams v. Johnson*, 15 Ill., 345. *Hawkins v. Berry*, 5 Gil., 36 (Ill.) *Towell v. Gatewood*, 2 Scam., 23 (Ill.) *Hahn v. Doolittle*, 18 Wis., 196. *Smith v. Justice*, 13 Wis., 671. *Reed v. Hastings*, 61 Ill., 266. *Carondelet Iron Works v. Moore*, 78 Ill., 65. *Baker v. Henderson et al.*, 24 Wis., 509. *Shakelton v. Lawrence*, 65 Ill., 175.

LAKE, CH. J.

This was an action on an alleged warranty in the sale of two horses by the defendant to the plaintiff. It was alleged in the petition and denied in the answer, that as an inducement to the purchase, the defendant warranted the horses to be "all right, sound and free from disease," and that the "plaintiff, relying upon said warranty, purchased said horses from the defendant for the sum of sixty dollars," etc. That the "horses at the time of the sale were diseased and unsound in this," that both of them "had a contagious and infectious disease, known as the Texas mange, or Spanish fever, of which disease one of said horses soon after said purchase died, and the other became worthless," etc. The trial resulted in a verdict and judgment for the defendant. There was a motion for a new trial which was over-ruled, and several questions thus made are brought here review.

The first of the errors assigned is, that the verdict is not supported by the evidence. We think it is. For, even conceding that the defendant used the language imputed to him by the plaintiff and his witness, Pace, who alone testify to it, the jury, under the circumstances, may well have believed it to have been intended, and understood, as the mere expression of an opinion, and not as a warranty; especially so in view of the fact that there was not a syllable of testimony showing it to have been *relied on* in making the purchase. The rule is, that, to make a representation of the vendor as to the quality of the thing sold a warranty, it must have been relied on by the vendor. *Hahn v. Doolittle,* 18 Wis., 196. *Smith v. Justice,* 13 Id., 600. *Reed v. Hastings,* 61 Ill., 266. *Whitney v. Sutton,* 10 Wend., 413. *Little v. Woodworth,* 8 Neb., 281.

According to the plaintiff's testimony, the words constituting the alleged warranty were used under these circumstances. The plaintiff, it seems, offered for the horses a less

price than was asked. This the defendant refused, saying that the plaintiff had picked out "two of the best in the herd," that they were "sound and all right, and he would not take any less" than the price he had offered them for, which was thirty dollars each. It does not appear that the soundness of the horses was questioned, nor that the subject of warranty was mentioned by the plaintiff. He went into the herd and selected two that pleased him, and it is pretty clear that he acted on his own judgment. But even if it were shown that the plaintiff really purchased on the strength of what he claims the defendant said, it is doubtful whether it amounted to a warranty, under the circumstances. At all events, a court would not be justified in holding that it did, against the finding of a jury.

But in addition to this, the defendant swore positively that he did not use the words charged, nor any others amounting to a warranty. Therefore the question of whether he did, or not, was one peculiarly for the jury to determine. *Blackburn v. Ostrander*, 5 Neb., 219.

It is also claimed that the court erred in giving to the jury the third instruction asked by the defendant. It was in these words. "The jury are instructed that, while it is true, if the seller of personal property asserts as facts, anything regarding its qualities and concerning which the buyer is ignorant, and the purchaser relies on the statement in making the purchase, the assertion will amount to a warranty of the fact asserted; still, it is also true that if the vendor merely states an opinion, or gives his judgment upon a matter of which he has no special knowledge, and upon which the buyer also might reasonably be expected to have an opinion, and to exercise judgment, this is not a warranty."

The first proposition in this instruction states the law correctly. See the authorities *supra*. Indeed, we do not understand that its soundness is questioned. But, it is claimed that the second proposition " is misleading, and

confounds the distinction between an action on a contract of warranty, and one for deceit in making fraudulent representations," etc.    We do not think the instruction is open to this criticism.    In Benjamin on Sales, § 613, in speaking on the subject of warranty, language almost identical with that of this instruction is used.    It is there said that, in determining whether a warranty were intended, "a decisive test is, whether the vendor assumes to assert a *fact* of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion, and to exercise his judgment. In the former case, there is a warranty—in the latter, not." We are of opinion that both propositions were correct, and, in view of the evidence, the question of whether the alleged statement concerning the soundness of the horses amounted to a warranty, was for the jury to decide.    Benjamin on Sales, § 613, note (m).

It is claimed that the court erred also in giving the fourth instruction on behalf of the defendant.    It was as follows:  "The jury are further instructed, that to constitute a warranty, there must not only be an affirmance by the seller respecting the quality of the article sold, *but the affirmation must be made with a view of assuring the buyer of the truth of the fact asserted,* and it must be received and relied upon by the buyer in making the purchase."

Exception is taken to the clause we have italicised, which makes the "view" with which an affirmation respecting the subject of a sale a controlling element in determining its character.    The word *view* as here used is equivalent to intention, purpose, or design, and it is insisted that what may have been intended by the seller in making the affirmation was of no consequence, and a case is cited in which it seems to have been so held.    In that case, however, the language in question was such that, if used, amounted unquestionably to a warranty, and it was therefore ruled,

correctly no doubt, that its legal effect could not be defeated by the secret intention of the seller. Where the evidence is such as leaves no doubt as to the legal force of the language of the representation, the court may, and should, declare its effect, but otherwise it should be left to the jury to determine. *Whitney v. Sutton*, 10 Wend., 412. *Tuttle v. Brown*, 4 Gray, 457. *Morrel v. Wallace*, 9 N. H., 111.

The true aim in construing every agreement, that of warranty included, is of course to reach the real intention of the parties to it. This is accomplished, not by taking what they may afterwards say their intentions were, but what they appear to have been from the words employed, the occasion of using them, and all accompanying facts and circumstances explanatory thereof. The instruction might probably have been improved upon by directing the jury to the means of ascertaining the "view" of the seller, if he made the affirmation, but, as this was not requested, the omission to do so is not ground of error. More especially so as there was no evidence whatever of any secret intention on the part of the seller, whose defense was simply that he did not make it.

In the several rulings complained of respecting the admissibility of testimony, and newly discovered evidence as ground for new trial, we see nothing materially wrong, or which calls for extended comment. There was nothing in the circumstances of the alleged warranty, which by any possibility could have made the defendant liable upon it beyond the difference between the value of the horses as they actually were, and what it would have been if sound. That which is claimed to have been newly discovered evidence, we think, was merely cumulative, for which a new trial will not be given.

JUDGMENT AFFIRMED.

THE other judges concur.