N. N. ERSKINE V. KNUTE SWANSON ET AL.

| 45 | 767 |
| f48 | 203 |

FILED SEPTEMBER 17, 1895.     No. 6398.

1. **Sales:** WARRANTY. To constitute a warranty it is not necessary that the word "warranty" should be used. It is sufficient if the language used by the vendor amounts to an undertaking or an assertion on his part that the thing sold is as represented. *Patrick v. Leach*, 8 Neb., 530, and *Little v. Woodworth*, 8 Neb., 281, followed.

2. ———: ———: EVIDENCE: QUESTION FOR JURY. Whether statements made by a vendor as to the condition or quality of property offered for sale were intended by him to be warranties of the condition or quality of such property, or whether by such statements the vendor intended merely to give his opinion as to the condition or quality of such property, are questions of fact for a jury. *Halliday v. Briggs*, 15 Neb., 219, followed.

3. **Estoppel:** SALES: WARRANTY. If a vendor of property knows that representations made by him as to the soundness or condition of the property sold are regarded by his vendee as warranties on the part of the vendor and believed in, relied, and acted upon as such by the vendee, then the vendor is estopped from asserting that such representations were not warranties.

ERROR from the district court of Antelope county. Tried below before KINKAID, J.

*O. A. Williams,* for plaintiff in error, cited: 1 Thompson, Trials, secs. 1198, 1205, 1207; *Halliday v. Briggs,*

15 Neb., 221; Newmark, Sales, secs. 318, 320; *Wallace v. Wren,* 32 Ill., 148; *Chandler v. Lopus,* 4 Croke [Eng.], 4.

*J. F. Boyd,* and *J. S. Robinson, contra,* cited : *Little v. Woodworth,* 8 Neb., 284; *Patrick v. Leach,* 8 Neb., 536.

RAGAN, C.

N. N. Erskine sued Knute Swanson and others in the district court of Antelope county on a promissory note. The note was given Erskine by Swanson and others in part payment of a stallion purchased by the latter of Erskine. The Swansons pleaded as defenses to the action that at the time of the purchase of the stallion and the execution of the note Erskine represented to them that the stallion was free from all defects except a small bunch on one hind foot, which Erskine stated was caused from the foot having been stepped upon, and "that the bunch was not a permanent one," and that he, Erskine, would warrant the stallion's recovery from said defect within thirty to sixty days; that Erskine further warranted said stallion to be a sure foal getter; that they, to the knowledge of Erskine, were desirous of purchasing a stallion for breeding purposes; that they relied upon the representations as to the condition and quality of the stallion made by Erskine, and purchased him in consequence of such representations, and their belief in their truth; that the representations were false; that the " bunch " on the foot of the stallion was not caused by his having been stepped upon, but was a " ring bone," from which the stallion never recovered, and which rendered him lame, unfit for service, and worthless, and that he was not a sure foal getter. The Swansons had a verdict and judgment, and Erskine has prosecuted to this court a proceeding in error.

To reverse the judgment of the district court counsel for Erskine urge upon us three arguments:

1. That the evidence does not establish a warranty. We

think it does. The evidence is undisputed that at the time of the sale of the horse he was lame in the left hind foot; and the evidence on behalf of the Swansons is that on their making inquiries of Erskine as to the cause of the lameness Erskine said that he had had the horse shod shortly before and that he had corked himself; "You needn't be afraid of that lameness. I guaranty that horse. In a few weeks you won't notice it." "Why, the horse will be all right. I guaranty to you it will be all right." "He is a good, sure horse." The testimony on behalf of Erskine is to the effect that he told the Swansons that the horse had become lame after he was shod, and that he gave it as his opinion that the hoof was pared a little too much, that the horse's leg had become strained, and that in his opinion the horse would be all right in a little while. To constitute a warranty it is not necessary that the word "warrant" should be used. It is sufficient if the language used by the vendor amounts to an undertaking or assertion on his part that the thing sold is as represented. (*Patrick v. Leach,* 8 Neb., 530; *Little v. Woodworth,* 8 Neb., 281.) Whether the statements made by Erskine about the lameness and condition of the horse were intended by him to be warranties of the horse's soundness and qualities, or whether by such statements he intended merely to express an opinion, were questions for the jury. (*Halliday v. Briggs,* 15 Neb., 219; *Wolcott v. Mount,* 36 N. J. Law, 262.) If Erskine knew that the representations made by him in regard to the soundness and qualities of the horse were regarded by the Swansons as warranties on the part of Erskine, and believed in, relied, and acted upon by the Swansons, then such representations amounted to warranties on the part of Erskine. (*Hahn v. Doolittle,* 18 Wis., 206.)

2. That the evidence does not show a breach of warranty. There is a sharp conflict in the evidence, but it supports the finding of the jury that the horse at the time of his sale was permanently lame; that he was diseased with "ring

53

bone" or "thrush of the foot;" that his lameness destroyed his usefulness as a stallion and that he was not a sure foal getter.

3. The court erred in giving to the jury the following instructions:

*a.* "You are instructed that if you should find from the evidence that the plaintiff, at the time of the making of the sale of the stallion to the defendants, or either of them, stated that said horse was sound, and that the lameness from which the horse was suffering, at the time of the sale, was not of a permanent character, and that the horse would recover from said lameness within a short period of time, and if plaintiff intended that defendants should rely upon such statements as true, and if made to induce defendants to buy, and if you should further find from the evidence that defendants relied upon said statements of plaintiff and were induced thereby to purchase said stallion, and if you should further find from the evidence that the lameness from which the said stallion was suffering at the time of said sale was of a permanent character and impaired the usefulness and value of said horse, then your verdict should be for defendants, provided you further find that by reason of the lameness the value of said horse was depreciated in an amount equal to or exceeding the face of the note in suit."

*b.* "The jury are further instructed that it is not necessary that in a contract of warranty that the word 'warranty' should be used by the seller in making of the said contract of warranty; but that any language which implies that the animal referred to is sound and adapted to the purpose for which it is sold, if such words were used by the seller, with the intent to lead the buyer to believe that a certain condition existed with reference to the chattel sold, and if the buyer relied upon such statements and was induced thereby to purchase the said property, this will constitute a warranty that the property is as represented, and

in this case, if you should find from the evidence that the plaintiff at the time of making the sale of the horse referred to in the evidence stated to the purchasers, or either of them, that the horse was all right, and that he would recover in thirty to sixty days from the lameness from which he was suffering and that said lameness was caused from being stepped upon, and if such statements were made with the intent to induce defendants to buy and they did thereby induce them to buy, and if you should further find from the evidence that the lameness referred to was of a permanent character and existed from causes which did not arise from being stepped upon, but from disease or ailment with which the horse was then suffering, and which rendered the horse unfit for the purpose for which it was purchased, and rendered the stallion less valuable to the extent equal to or exceeding the face of the note in suit, then your verdict should be for the defendants."

We think these instructions a correct statement of the law as applied to the evidence in this case, and that the court did not err in giving them. The judgment of the district court is

AFFIRMED.