## JOHN H. UNLAND V. JOHN G. GARTON.

FILED APRIL 21, 1896. No. 6508.

1. **Warranty: SALES.** To constitute a warranty it is not necessary that the word "warranty" should be used. It is sufficient if the language used by the vendor amounts to an undertaking or assertion on his part that the thing sold is as represented.

2. **Sales: WARRANTY: QUESTION FOR JURY.** Whether statements made by a vendor as to the condition or quality of property offered for sale were intended by him to be warranties of the condition or quality of such property or whether by such statements the vendor intended merely to give his opinion as to the condition or quality of such property, are questions of fact for the jury. *Erskine v. Swanson*, 45 Neb., 767, followed.

ERROR from the district court of Saline county. Tried below before HASTINGS, J.

*J. H. Grimm* and *E. W. Metcalfe*, for plaintiff in error.

*Hastings & McGintie*, contra.

RAGAN, C.

John H. Unland sued John G. Garton at law in the district court of Saline county on a promissory note. Garton had a verdict and judgment, and Unland brings the case here for review.

1. The first assignment of error argued is that the court erred in permitting Garton to introduce any evidence, as the facts stated in his answer constituted no defense to the action. The execution and delivery of the note was admitted, but Garton pleaded as a defense thereto that the only consideration for the note was a corn-sheller sold by a copartnership, of which Unland was a member, to him, Garton; that the corn-sheller was warranted and that the warranty had failed. The warranty pleaded was as follows: "That at the time of said purchase said Unland & Heller represented and war-

ranted to these defendants that said sheller was as good as new; that it would do as good work as any corn-sheller; and that it would do first-class work in every particular." Counsel for plaintiff in error now insist that this language did not amount to a warranty, and that it was merely a recommendation of the machine, or an expression of opinion by the seller as to its merits. In *Halliday v. Briggs*, 15 Neb., 219, the warranty relied on was in this language: "All right, sound, and free from disease." It was held that a court would not be justified in holding this language to be a warranty against the finding of a jury to the contrary. It was further held in that case that if the evidence left the matter in doubt as to whether or not the seller intended to make an affirmation or to express an opinion merely, the matter should be submitted to the jury. In *Erskine v. Swanson*, 45 Neb., 767, the warranty was in this language: " 'You needn't be afraid of that lameness. I guaranty that horse. In a few weeks you won't notice it.' 'Why, the horse will be all right. I guaranty to you it will be all right.' 'He is a good, sure horse.' " And it was there held: "To constitute a warranty it is not necessary that the word 'warranty' should be used. It is sufficient if the language used by the vendor amounts to an undertaking or an assertion on his part that the thing sold is as represented." It was further held: "Whether statements made by a vendor as to the condition or quality of property offered for sale were intended by him to be warranties of the condition or quality of such property, or whether by such statements the vendor intended merely to give his opinion as to the condition or quality of such property, are questions of fact for a jury." The allegation in the answer assailed is that the vendors "represented and warranted the sheller to be as good as new," etc. We think this allegation sufficient as against a demurrer, and that the answer stated a defense.

2. The second assignment of error is that the court erred in giving paragraphs 2 and 3 of instructions on its

own motion. No exception was taken by Unland to the giving of either of these instructions. The assignment of error cannot, therefore, be considered.

3. The third assignment of error argued is "that the court erred in refusing to give the instructions asked for by the plaintiff." The plaintiff in error requested the court to give six instructions. The assignment is that it erred in refusing to give all of them. We have examined the instructions so far as to ascertain that the court did not err in refusing to give some of them. This assignment will therefore be overruled.

4. The final assignment is "that the verdict is not sustained by sufficient evidence." We think it is. The judgment of the district court is

AFFIRMED.