Lowe v. Vaughan.

ELLIOT LOWE v. CHARLES E. VAUGHAN.

FILED MAY 20, 1896.   No. 6213.

1. **Action to Recover Purchase Price of Cattle:** VERDICT FOR PLAINT-IFF. Evidence examined, and *held* sufficient to sustain the verdict.

2. **Deposition:** WITNESSES. Where from the deposition of a witness it appears that he is a non-resident of the county, it is unnecessary for the party offering the deposition in evidence to prove that he is not present in court. *Sells v. Haggard*, 21 Neb., 357, followed.

3. **Sales:** EVIDENCE. Certain evidence examined, and *held* to be relevant to the issues.

4. **Instructions:** EXCEPTIONS: REVIEW. To present for review the propriety of instructions it is indispensable that it should appear affirmatively from the record that exceptions were taken to the giving of the instructions complained of.

ERROR from the district court of Harlan county. Tried below before BEALL, J.

*C. C. Flansburg*, for plaintiff in error.

*James McNeny* and *J. G. Thompson*, contra.

IRVINE, C.

This was an action by the defendant in error against the plaintiff in error to recover for certain cattle sold and delivered by the former to the latter. The chief defense was payment. A trial resulted in a verdict for the plaintiff below for $365. Judgment was rendered accordingly.

It is contended that the verdict is not sustained by the evidence. It would be useless to review the evidence at length. There is a controversy between the parties as to what were the terms of the original contract of sale. Both parties agree that after the cattle had been shipped to South Omaha and there sold, a further controversy arose in regard to the settlement, and that some arrangement was made whereby a settlement was to be effected, and Lowe gave Vaughan a check for what he computed

to be the amount. Afterwards Vaughan concluded the amount had not been correctly computed. Assuming that the argument on behalf of Lowe is well founded, to the effect that there is not sufficient evidence to show that the check given was not for the proper amount, in view of the settlement finally made, still there is a direct conflict as to the disposition made of this check. Vaughan testifies that after some effort to have the amount corrected he returned the check to Lowe and that the money was never paid him. Lowe testifies that Vaughan kept the check some time and then Lowe took it up, paying its amount to Vaughan at the time. This conflict in the evidence forbids our disturbing the verdict.

The deposition of one Blanchard was offered in evidence and received over the objection of Lowe. It is contended, first, that no foundation was laid for the use of the deposition. There was no direct independent evidence that facts existed permitting the use of a deposition; but it appears from the deposition itself, as well as from the testimony of witnesses in the case, that Blanchard was a commission man doing business and living in South Omaha. There was certainly no presumption that he was present in Harlan county at the time of the trial. The presumption is, on the contrary, that he was at the place of his residence and of his business. (*Sells v. Haggard*, 21 Neb., 357.) There is a further objection to the deposition on the ground that it was immaterial. This objection is directed to the whole deposition, and was not well taken if any portion of the deposition was relevant. Vaughn had testified that the settlement was effected upon the basis of the weight of the cattle at South Omaha. In his deposition Mr. Blanchard testified to such weights; and this became an important feature in ascertaining whether Lowe's check was for the price of the cattle as finally agreed upon.

In rebuttal, a witness was called and permitted to testify that on the trial of the case in the county court Lowe had testified that he had the check, referred to in

the testimony, at his home. When Lowe was cross-examined on this trial he was asked whether he had not so testified on the former trial. He practically admitted that he had done so. Counsel now argue that it was erroneous to permit this testimony in rebuttal after Lowe's admission in cross-examination. The testimony was admissible, however, for another purpose than impeachment. On this trial Lowe had testified that he left the check with his attorney and that it was lost. There was a dispute as to the precise amount of the check. Its production was of some relevancy for that reason, and had it been produced it might have thrown light upon the controverted point as to whether it had been returned as rejected or on payment of its amount. Therefore we think that Vaughan was entitled to show statements by Lowe as to its whereabouts as independent admissions of the adverse party, tending in some degree, however slightly, to disclose a concealment of evidence.

Complaint is made of the giving of one instruction. The record does not show that any exceptions were taken to the instructions, and for this reason they cannot be reviewed. It is true that there appears in the record a bill of exceptions containing evidence received on a motion to correct the record by making it show that proper exceptions were taken; and a motion for that purpose also appears; but there is no record of any order upon the motion and no exceptions were in fact entered.

JUDGMENT AFFIRMED.