## JOHN D. FONDREN *v.* ROBERT W. DURFEE.

1. EVIDENCE: DECLARATION OF SLAVE AS TO HIS DISEASE.—The declaration of a slave made, whilst laboring under a disease, to his master, that he "was sick, and had a pain in his chest," is admissible in evidence in a suit by the master against the vendor of the slave for a false warranty of soundness. Such declarations are not hearsay evidence, but are verbal acts, indicating the nature and character of the disease under which the slave is laboring; and being made to the master, who is interested in the welfare of the slave, they are presumed to be honest, and, though not conclusive, are yet admissible as evidence, and are entitled to such weight as the nature of the case and all the circumstances show them to be entitled to.

2. SALE: WARRANTY OF SOUNDNESS: WHAT A BREACH OF.—It is a breach of the warranty of soundness of a slave, if he be at the time of the sale laboring under a disease which is not then fully developed, but of which he afterwards died, or which conduces to or results in a disease which afterwards proved mortal. See *Shewalter* v. *Ford*, 34 Miss. R. 417.

3. SAME: SAME: PROOF OF UNSOUNDNESS WITHOUT PROOF OF WARRANTY INADMISSIBLE.—In an action against the vendor of a slave for a false warranty of soundness, the defendant cannot show in mitigation of damages that a slave, which he received from the plaintiff as part of the consideration for the slave sold by him, was unsound at the time he received him, without also showing that the plaintiff warranted his soundness. *Quære.* Can he show the unsoundness if he prove the warranty?

4. PRACTICE: EVIDENCE: WHEN OFFERED MUST BE SHOWN TO BE RELEVANT.—It is the duty of a party proposing to introduce evidence, apparently irrelevant and incompetent, but which can be made relevant and competent by suppletory evidence, to show the existence of such suppletory evidence, or else his proposed evidence will be held inadmissible; and hence evidence of unsoundness in a slave is inadmissible to reduce the price of a slave sold, unless it be shown that the vendor warranted his soundness.

5. HIGH COURT: WILL NOT NOTICE ACTION OF COURT BELOW IN REFUSING NEW TRIAL UNLESS EXCEPTED TO.—This court will not notice the action of the court below in overruling a motion for a new trial, unless the bill of exceptions shows that judgment of the court was excepted to.

ERROR to the Circuit Court of Warren county. Hon. J. S. Yerger, judge.

This was an action by Durfee against Fondren to recover damages for a false warranty of the soundness of two slaves sold by defendant to plaintiff. On the trial the plaintiff testified as to

the unsoundness of one of the slaves, and the declaration made by the slave in reference to his condition as stated in the opinion of the court. To the admission of this evidence the defendant excepted. This exception is the subject-matter of bill of exceptions No. 1. During the progress of the trial defendant filed bill of exceptions No. 2, in which he took exceptions to certain instructions of the court given to the jury. In this bill of exceptions all the evidence in the cause and the charges of the court are embraced.

The defendant being on the stand as a witness, his counsel proposed to prove by him "the unsoundness of the negro boy which plaintiff had given him in exchange and part payment for the slaves whose unsoundness was sued for, in order to show the true value of the consideration received by defendant from plaintiff; and after argument by counsel the court sustained the objection of plaintiff, and refused to permit said testimony to go to the jury." The defendant excepted to this action of the court. This is the recital of bill of exceptions No. 3. From this it does not appear that the defendant made any offer to prove the warranty of the slave, or upon what ground the court refused to permit the testimony to go to the jury.

A motion for a new trial appears to have been made and overruled. But in none of the bills of exceptions is any reference made to this action of the court, nor any exception taken thereto.

*C. L. & R. S. Buck*, for plaintiff in error.

*Brooke* and *Smedes*, for defendant in error.

HANDY, J., delivered the opinion of the court:

This was an action to recover damages for the breach of a warranty of soundness of two slaves sold by the defendant to the plaintiff.

The case comes up on several bills of exception taken to the rulings of the court on the trial, which present the questions for our consideration.

The first exception is taken to the admission of certain statements made by one of the slaves to the plaintiff in regard to his

health. The witness was asked "whether or not the slave complained to him (his master) of being sick, and what the slave said to him upon that subject;" to which the defendant objected, but the objection was overruled, and the witness stated that the slave "told him he was sick and had a pain in his chest." It is objected that these declarations are inadmissible on two grounds: 1st, that the testimony of the witness in regard to them was hearsay; and 2d, that they were the testimony of a slave.

These objections are both resolvable upon the same principle, that the declarations are *facts*, indicating the nature and character of the disease under which a party is laboring. They must, very frequently, if not in most cases, be resorted to by the physician as the best or only means of pointing out the seat or nature of the disease; and they are constantly acted upon by medical men as true statements, because, being made to one who is acting for their good and interested in their welfare, they must be presumed to be honest and true, and because they are often the best evidence of the nature of the disease. Though not conclusive, they are still evidence, and entitled to such weight as the character of the party and the nature of the case, and all the circumstances attending the transaction, show them to be entitled to. For the same reason, whenever the question to be determined is, whether a party was laboring under a particular disease, his own declaration, made at the time, and indicating the nature and symptoms of the disease, to a person standing in a relation which calls for truth and confidence in the declarant, must be received as competent evidence of the fact; for otherwise it would often be impossible to determine the character of the disease. They must be regarded as *verbal acts*, and are hence free alike from the objection of being hearsay and of being the testimony of a slave. *Aveson* v. *Lord Kinnard*, 6 East, 188; 1 Greenl. Ev. sec. 102–109; 2 Pothier on Oblig. App. No. 16, sec. 11, p. 217.

The next exception is taken to the instructions given at the instance of the plaintiff, and those asked by the defendant and refused.

The second instruction, in behalf of the plaintiff, is as follows: "If the jury believe from the evidence that the negro boy Calvin, at the time of the sale of him by defendant, was diseased, although

they may believe it was not then developed, and he afterwards died of that disease, or of another disease to which that conduced, or in which it resulted, and that he was totally lost to plaintiff, they should find for the plaintiff," &c. It appears by the bill of exceptions that there was evidence tending to show, and from which the jury might have come to the conclusion, that the slave in question was, at the time of the sale, not free from the effects of an attack of the scarlet fever which he had recently had before the sale, and that, by exposure in travelling before the sale, the incipient stage of consumption, of which he subsequently died, supervened. This question being presented by evidence offered by both parties, the instruction was pertinent, and the rule stated in it is the same declared in the case of *Shewalter* v. *Ford*, 34 Miss. R. 417. The instruction was, therefore, properly given.

No objection is urged to the other instructions granted at the instance of the plaintiff.

It is also assigned for error that the court refused the instructions asked in behalf of the defendant. But this ground of error appears not to be insisted upon. The instructions, for the most part, were granted as asked; and when modifications were made, they merely rendered the rules stated more definite and full, and were not prejudicial to the defendant.

The third bill of exceptions is taken to the exclusion of the evidence offered by the defendant to show that the slave, which was given by the plaintiff to the defendant, in part payment of the purchase-money for the slaves involved in this suit, was unsound and not of the value at which he was taken by the defendant. It is insisted that this evidence was competent in point of diminution of the damages which the plaintiff might recover in this action.

But it did not appear from the evidence proposed to be offered that the plaintiff gave any warranty of the soundness of the slave sold by him to the defendant; and however the question presented might have been, if he had given such warranty, it is very clear that he was not liable by reason of the alleged unsoundness, in the absence of a warranty. And upon this ground the evidence was properly excluded.

The remaining assignment of error is, that the verdict was contrary to the evidence, and that the motion for a new trial should have been granted on that ground.

But there appears to be no exception taken to the overruling of the motion for a new trial. The three bills of exceptions contained in the record distinctly show that they were taken to the rulings of the court upon questions of evidence, and upon the instructions; and neither of them applies to the motion for a new trial. In such a state of case we cannot consider the overruling of the motion as excepted to, and cannot notice it as ground of error.

Let the judgment be affirmed.