WILSON, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*November 14 — December 11, 1894.*

*New trial: Insufficiency of evidence: Discretion: Terms.*

1. An order granting a new trial on the ground that the verdict is not supported by the evidence will not be reversed unless it is clearly an abuse of discretion.
2. It is error to grant a new trial upon that ground without requiring the moving party to pay the costs of the former trial.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The action is for damages for the flooding of the basement of plaintiff's building by surface water and sewerage, by reason of defective sewers, gutters, and drains. It is claimed for the plaintiff that the sewers and gutters constructed by the defendant are so defective that in times of ordinary hard rains they so turn the water and sewerage upon plaintiff's premises as to flood her basement with water,

sewerage, and debris.   There was a jury trial, and a special verdict in effect favorable to the defendant.   On motion of the plaintiff, the trial court set aside the verdict on the ground, in effect, that it was not supported by the evidence, and granted a new trial, without imposing terms.   From this order the defendant appeals.

*George C. Teall,* city attorney, for the appellant.

For the respondent there was a brief by *Doolittle & Shoemaker,* and oral argument by *L. A. Doolittle.*

NEWMAN, J.   In *Schillinger v. Verona,* 85 Wis. 589, 595, it is said: "The rule is firmly settled by repeated decisions that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless there clearly appears to have been an abuse of such discretion;" and that "the only exception to this rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law." The rule is restated, in the same words, in *J. & H. Clasgens Co. v. Silber,* 87 Wis. 357.  The instant case is not within the exception.  It clearly does not appear affirmatively upon the record that the order was based upon any misapprehension of the law relating to the subject of the action.   On the contrary, it does appear affirmatively that the order was based upon the insufficiency of the evidence to support the verdict.   The trial court was dissatisfied with the verdict.   The order cannot be reversed on that ground.

But undoubtedly the new trial should have been granted only upon the terms that the plaintiff pay the costs of the former trial.   The case is within the general rule.   The new trial was granted on the ground that the verdict was not supported by the evidence.   This is the same as saying that it is against the weight of evidence.   It is an error for which the order must be reversed.  *Schraer v. Stefan,* 80 Wis. 653;

*Garny v. Katz*, 86 Wis. 321; *Cameron v. Mount*, 86 Wis. 477.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to grant a new trial on the terms that the plaintiff pay the costs of the former trial.