McCann, Appellant, vs. Ullman and others, Respondents.

*February 27 — March 19, 1901.*

*Sale of horses: Warranty of soundness: Breach: Undeveloped disease: Expert testimony: Veterinary surgeons: Special damages: Verdict: Remission: New trial: Error in instructions: Exceptions.*

1. Under sec. 1492*f*, Stats. 1898, as amended by ch. 82, Laws of 1899 (providing that no person shall be competent to testify as an expert in matters pertaining to the diseases of animals unless he is registered as therein prescribed), the statement of a witness that he had been a veterinary surgeon in a certain place in the state for forty years is *held* insufficient to qualify him as a veterinary expert.

2. If at the time of the delivery of horses to a purchaser they had contracted the distemper, although the disease did not develop until after they came into his possession, they were unsound within the meaning of a warranty of soundness.

3. In such a case the purchaser may recover for loss occasioned by the distemper being communicated to his own horses by those purchased, if special damages in that respect are properly pleaded and proven, but loss occasioned by the interruption of the purchaser's business due to the sickness of those horses, is not a proper element of damages, in the absence of allegations of special damage in that respect.

4. Where the jury were erroneously allowed to include in their verdict damages for such interruption of business, and the amount awarded therefor was not specified, the error cannot be cured by allowing plaintiff to remit a portion of the verdict.

5. If a trial judge has committed error in instructing the jury, he may grant a motion for a new trial on that ground even though no exception was taken to any portion of the charge.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Sanborn, Gleason & Sleight* and *Lyman E. Barnes,* and oral argument by *Richard Sleight* and *Mr. Barnes.*

For the respondents there was a brief by *Henry D. Ryan,* attorney, and *John Bottensek,* of counsel, and oral argument by *Mr. Bottensek.*

CASSODAY, C. J.   This action was commenced in the municipal court of Ashland county to recover $450 damages for the alleged breach of warranty on the sale of four horses, and upon issue joined and trial had the plaintiff recovered judgment for that amount.   The defendants appealed to the circuit court, and the plaintiff thereupon amended his complaint, and increased his claim for damages to the amount of $1,500.   The defendants answered by way of admissions, denials, and counter allegations.   At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $800.   The defendants thereupon moved the court upon the minutes of the judge to set aside the verdict and for a new trial upon numerous grounds stated, whereupon the court " ordered that the said verdict herein be, and the same is hereby, set aside and a new trial be granted herein, because the court erred in instructing the jury and in rejecting the evidence of the witness F. H. Graves, offered by defendants."  From that order the plaintiff brings this appeal.

It is conceded " that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless there clearly appears to have been an abuse of such discretion.   .   .   .

The only exception to this rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law." *Schillinger v. Verona*, 85 Wis. 595, and cases there cited; *J. & H. Clasgens Co. v. Silber*, 87 Wis. 357; *Wilson v. Eau Claire*, 89 Wis. 47. The question recurs whether it appears affirmatively upon the record in this case that the order is based upon a misapprehension of the law.

1. One of the alleged errors upon which the order is based is that the evidence of the witness Graves was improperly rejected. He was sworn as a witness on behalf of the defendants, and testified that he had been " a veterinary surgeon " at Appleton for over forty years. He was then asked, " Do you know the disease known as 'distemper' or 'strangles' in horses? " The plaintiff objected on the ground that the witness had not shown himself to be competent, and the objection was sustained. The statute provides that " no person shall practice veterinary medicine and surgery," nor " be competent to testify as an expert witness in any court in matters pertaining to the diseases of animals, unless he be registered " as therein prescribed, and that no person should " be so registered unless he is a graduate," or the holder of a certificate, as therein prescribed, " or shall have practiced veterinary medicine and surgery in this state " for five years, as therein stated. Sec. 1492*f*, Stats. 1898, as amended by ch. 82, Laws of 1899. It does appear that the witness had been a veterinary surgeon at Appleton for many years, but at the time of sustaining such objection it had not been made to appear that he had actually " practiced veterinary medicine and surgery " during any portion of such period; and it was never made to appear that he was ever " registered as a veterinary physician and surgeon," as required by the statute. Thus it appears that the objection to the question was properly sustained. Besides, the witness was subsequently allowed to testify, over objection,

that he had treated horses for forty years and over, and a great many cases of distemper during that time; that from his own experience the usual time of incubation would be from two to four days — might run up to six or eight days — before the glands would be swollen, and that the swelling might not appear until three days after the nose began to run; and that the distemper was not a serious one unless there should be a complication of some other disease with it.   We must conclude that the trial court was not justified in treating such rulings as errors.

2. The important question is whether the trial court was justified in holding that there had been error in charging the jury.   We perceive no error in the portion of the charge to which exception is taken to the effect that, if the jury found from a fair preponderance of the evidence that the distemper had not fully developed in these horses at the time they were delivered to the plaintiff; that they had at that time contracted the disease; that the seeds of the disease were then in the horses, although it did not develop until after the horses came into the possession of the plaintiff,— then that constituted an unsoundness under the warranty given by the defendants.   Thus it has been held that "an allegation that a horse had the glanders at the time of sale is sustained by proof that at such time he had the seeds of that disease, which afterwards developed into the perfect disease."   *Woodbury v. Robbins,* 10 Cush. 520.   See, also, *Crouch v. Culbreath,* 11 Rich. Law, 9; *Stephens v. Chappell,* 3 Strob. Law, 80; *Hook v. Stovall,* 21 Ga. 72; *Fondren v. Durfee,* 39 Miss. 324; *Kenner v. Harding,* 85 Ill. 264.

3. The only other portion of the charge to which the defendants filed exceptions reads as follows: "In addition to that, the plaintiff claims damages for horses of his own to which the disease was communicated by the horses he got from the defendants." Such mere statement of the "claims" of the plaintiff was not, of itself, error.

McCann vs. Ullman and others.

But we apprehend that upon the motion to set aside the verdict and grant a new trial the court was not limited to the consideration of such portions of the charge as had been specifically excepted to. It is not so limited in the order appealed from. This court has repeatedly affirmed an order setting aside a verdict and granting a new trial when the ground upon which the order was based was not stated, and the reasons which prompted the court in making such order were not disclosed by the record. *McLimans v. Lancaster*, 57 Wis. 297; *Seaman v. Burnham*, 57 Wis. 568; *Evans v. Rugee*, 63 Wis. 32, 33; *Schraer v. Stefan*, 80 Wis. 654. In one of these cases it is said that: "There seems to have been sufficient evidence here to sustain the verdict. But error may have intervened, or some other satisfactory reason, not apparent to us, may have induced the trial court to set aside the verdict and grant a new trial. We cannot assume that the court made the order it did without a reason, merely because no reason therefor is apparent to us from the record." *Evans v. Rugee, supra.* If, in charging the jury in this case, error intervened, and the trial judge became convinced of such error, then he was justified in basing the order upon that ground, even if no exception had been taken to any portion of the charge.

It seems to be conceded that, if such error existed, it was in that portion of the charge relating to damages. Undoubtedly, the general rule in actions for breach of contract is that the damages to be recovered must be the natural and proximate consequence of the act complained of, and that remote, contingent, uncertain, and speculative damages are to be excluded. *Brayton v. Chase*, 3 Wis. 456; *Ingram v. Rankin*, 47 Wis. 406; *Shadbolt & B. I. Co. v. Topliff*, 85 Wis. 525, and authorities cited in these cases. In the first of these cases the action was for damages for failure to deliver a reaper as agreed, and it was held that evidence was properly excluded which tended to prove that the plaintiff

McCann vs. Ullman and others.

had large quantities of wheat and oats growing upon his land that year, and that he had sustained a large amount of damage by reason of the breach of the contract to deliver the reaper. Of course, the rule mentioned did not preclude the plaintiff in this action for breach of warranty to allege and prove any legitimate special damages by reason of the horses purchased being diseased as claimed. Following the portion of the charge on damages, already quoted, the court, among other things, charged the jury that: "Two of the plaintiff's own horses — those he had there before he took these horses there — died, and he has stated to you his estimate of the value of those horses that died. Also the amount of loss which he sustained by being interrupted in his logging operations by the sickness of those horses — not being able to keep his men at work. He has estimated that as so much per day for so many days." So far as such charge relates to the disease being communicated to the plaintiff's other horses, it seems to be unobjectionable, since it was specifically alleged in the complaint, and evidence admitted which tended to prove it; but, in so far as such charge relates to the loss which the plaintiff sustained by having his logging operations interrupted by the sickness of those horses, it was clearly erroneous, since nothing of the kind was alleged in the complaint, and the evidence in support of such damages was taken under objection.

Counsel for the plaintiff contends that, even if such portion of the charge was erroneous, still that it can be cured, and a new trial obviated, by allowing the plaintiff to remit from the verdict all but $523.75, which amount, it is claimed, is supported by proper allegations and legitimate evidence. The difficulty with the contention is that, for aught that appears in the record, the jury, or a part of them, may have based their verdict wholly or in part upon the evidence of the plaintiff's claim for loss in business operations. Such

claim amounted to $1,080.   We cannot say that there was any error in setting aside the verdict and granting a new trial.

*By the Court.*— The order of the circuit court is affirmed.