MISKE and another, Respondents, vs. THOM, Appellant.

*November 17—December 6, 1910.*

*Sale of horse: Warranty: Evidence of unsoundness: Expert witnesses: Qualifications: Instructions to jury.*

1. Evidence that a horse was sold within a week or two prior to his delivery to the purchaser on May 12, and that in the early part of June he was suffering from an advanced case of a disease which would take two or three months to develop to that stage, was sufficient to support a verdict that the horse was suffering from that disease when sold.

2. Veterinarians, shown to be graduates of veterinary colleges and to have actually practiced a number of years, were competent to testify as to glanders in a horse, where it was not shown that they derived their knowledge from books exclusively but was fairly to be inferred that they were testifying from experience.

3. It is not error to refuse requested instructions upon subjects fully and correctly covered by the general charge.

APPEAL from a judgment of the circuit court for Eau Claire county: A. J. VINJE, Judge.  *Affirmed.*

The cause was submitted for the appellant on the brief of *W. H. Frawley & T. F. Frawley,* and for the respondents on that of *Sturdevant & Farr.*

WINSLOW, C. J.   This is an action for breach of warranty of a horse which the plaintiffs purchased of the defendant under an alleged warranty of soundness, but which was found to be suffering from glanders soon after the purchase.   The defendant denied the warranty, but upon the trial a general verdict was found for the plaintiff, assessing damages at $121.77, and from judgment on the verdict the defendant appeals.

The errors claimed will be briefly noticed.

1. It is claimed that there was no evidence tending to show that the horse had glanders at the time of the sale.   This claim is untenable.   The time of the sale was in dispute, but the horse was delivered on the 12th day of May, and there was sufficient evidence to justify the jury in finding that the sale took place within a week or two prior to that date.   Two veterinary surgeons examined the horse in the early part of June, and testified that it was then suffering from an advanced case of glanders which would take two or three months to develop.   This was sufficient evidence, if believed by the jury, to warrant the conclusion that the horse was suffering from the disease when purchased.

2. It is said that the veterinary surgeons were not qualified to testify as experts because they were unregistered (*McCann v. Ullman,* 109 Wis. 574, 85 N. W. 493), and because they did not show that they had ever had knowledge of glanders from personal experience in treating the disease.   Neither objection has any weight.   The statute requiring registration of veterinarians was repealed by ch. 334, Laws of 1907. While the veterinarians did not testify to personal experience

with glanders, they were both shown to be graduates of veterinary colleges and to have actively practiced a number of years. They did not state that they derived their knowledge from medical works exclusively, unaided by practical experience. The defendant did not choose either preliminarily or otherwise to ask them with reference to their practical knowledge, and the fair inference is that they were testifying from experience and not from books. *Kath v. Wis. Cent. R. Co.* 121 Wis. 503, 99 N. W. 217; *Bucher v. Wis. Cent. R. Co.* 139 Wis. 597, 120 N. W. 518.

3. Complaint is made because the court did not give to the jury certain specific instructions as to the burden of proof and the preponderance of evidence, but as these subjects were fully and correctly covered in the general charge of the court there was no error in refusing the instructions asked by the appellant.

Some minor objections are made, but they are so trivial and manifestly without foundation that we do not find it necessary to treat them in detail.

*By the Court.*—Judgment affirmed.

VINJE, J., took no part.