SMITS, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 24—March 14, 1911.*

*Witnesses: Physicians and surgeons: Qualification as experts: Privilege: Criminal law: Rape: Leading questions to child: Discretion: Irrelevant testimony: Harmless errors: Complaint by prosecutrix: Details: Instructions to jury: Statutes: Implied repeal: Cruel and unusual punishment.*

1. Under sec. 1436, Stats. (Supp. 1906: Laws of 1903, ch. 426, sec. 8), a physician who qualifies as an expert under general common-law rules may be allowed to testify as such in a criminal case, even though his license has not been recorded as required by sec. 1435e (Supp. 1906: Laws of 1903, ch. 426, sec. 5).

2. Testimony of a witness that he is a practicing physician duly licensed to practice in this state must be held to mean, *prima facie,* that he has fully complied with the license law.

3. Where a physician called as a witness in a rape case testified that he had been an active practitioner for a number of years, it will be inferred that he was qualified by practical experience to testify as an expert, in the absence of any cross-examination as to such qualification.

4. If sec. 4075, Stats. (1898), providing that no physician shall be compelled to disclose information acquired in attending a patient professionally which was necessary to enable him to prescribe for the patient, applies to criminal cases,—a point not decided,—the conditions mentioned must affirmatively appear in order to call for its application.

5. Leading questions may, in the discretion of the trial court, be put to the complaining witness in a rape case where she is· young and is obliged to testify concerning matters which womanly modesty prompts her to conceal.

6. Where, to corroborate her testimony as to her age, the complaining witness in a rape case was asked and stated the date of her confirmation, it was not materially prejudicial to allow her to state in what church she was confirmed.

7. Whether, in proving that the assaulted female made early complaint, it is admissible to show that she named defendant as the guilty person, is not decided; but no prejudicial error is made to appear by recitals in the record showing only that, during the opening statement of the district attorney as to what he expected to prove, an objection was made upon some such ground, where it does not appear what the remarks were to which the objection was made, and no evidence of the kind was offered or received.

8. Where the fact of penetration by the ravisher was conclusively established, it was not error to refuse to instruct the jury that if they found there was no penetration they might find defendant guilty of assault with intent to commit rape.

9. Sec. 4580, Stats. (1898), as amended by ch. 296, Laws of 1907, relating to fornication with a female under the age of fourteen years, did not have the effect to repeal sec. 4382, Stats. (1898), relating to rape of a female under that age, but both statutes can stand together.

10. Imprisonment for thirty years for rape upon a female under the age of fourteen years, under sec. 4382, Stats. (1898), is *held* in this case not so disproportionate to the gravity of the crime as to violate the constitutional inhibition against cruel and unusual punishments.

Error to review a judgment of the municipal court for the eastern district of Waukesha county: C. E. Armin, Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *D. J. Hemlock,* and for the defendant in error on

that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

WINSLOW, C. J.   The plaintiff in error was convicted of the crime of rape upon a female under the age of fourteen years in violation of the provisions of sec. 4382, Stats. (1898), and sentenced to imprisonment for thirty years.

Most of the errors claimed relate to rulings upon the trial and they will be briefly considered in their order.

Two practicing physicians, who made examination of the person of the complaining witness after the alleged rape, were allowed to give expert testimony in the face of objection that they had not qualified themselves to testify as medical experts, and these rulings are assigned as error.   One of the physicians testified that he was a graduate of a medical college and was a practicing physician in the city of Waukesha, duly licensed to practice in this state, and had been practicing for nearly five years; the other testified that he was a regular duly licensed practicing physician in Waukesha and had practiced there eleven years.   The objection is that it did not appear that they had recorded their licenses with the county clerk as required by sec. 1435e, Stats. (Supp. 1906: Laws of 1903, ch. 426, sec. 5), and hence that under sec. 1436, Stats. (Supp. 1906: Laws of 1903, ch. 426, sec. 8), they are debarred from testifying as experts.

There are two sufficient answers to this objection: *first,* the last mentioned section provides that nothing therein shall be construed as restricting any court in a criminal action from receiving the testimony of any person as a witness, thus apparently leaving courts free in criminal cases to receive the testimony of physicians who qualify themselves as experts under general common-law rules, regardless of the requirements of this statute; *second,* the statement that they are duly licensed to practice and are practicing must be held to mean *prima facie* that they have fully complied with the

license law, because the first above named section makes it unlawful for a physician to practice in the state who has not first recorded his license. Had the accused desired, he could have cross-examined the witness fully as to his qualifications before his examination as an expert.

Another objection is urged to the effect that neither of the physicians qualified himself because neither testified that he had ever had practical experience in a case of this kind. Both testified that they were active practitioners and had been such for a number of years. This carries with it the fair inference that their testimony was based on actual experience. It was open to the accused to cross-examine them as to their practical knowledge, but he did not choose to do so. *Miske v. Thom,* 144 Wis. 178, 128 N. W. 858.

It is further claimed that the physicians should not have been allowed to testify because their information was gained while treating the complaining witness professionally and hence comes within the inhibition of sec. 4075, Stats. (1898), which provides that no physician shall be compelled to disclose information acquired in attending a patient professionally and which information was necessary in order to enable him to prescribe for the patient.

We do not decide whether this statute applies to criminal cases, but, assuming that it does, it must affirmatively appear, in order to call for its application, that the information was acquired while the physician was attending the patient in his professional capacity and that it was necessary in order to enable the physician to prescribe. Neither of these facts appears and hence there was no error in any event.

Objection is made that the state was allowed to put leading questions to the prosecuting witness, and such is the fact, but in cases of this nature, where the witness is young and is obliged to testify concerning matters which every instinct of womanly modesty prompts her to conceal, the rule is well

established that leading questions are almost always neces-
sary in order to get at the facts. A child who would testify
glibly as to such matters would be justly regarded with sus-
picion. It does not appear in the present case that the dis-
cretion of the court was abused.

The complaining witness was asked without objection
whether she was confirmed this year and answered "Yes,"
the intention evidently being to corroborate her statement as
to her age. She was then asked in what church, and replied
against objection, "In the German Reformed Church." The
admission of this answer is alleged as error. Its relevancy
is not made to appear satisfactorily, and we should have been
better pleased had the objection been sustained. We are un-
able, however, to conclude that the reception of the answer
was materially prejudicial.

It is claimed that prejudicial error was committed in a
ruling by the court during the opening statement of the dis-
trict attorney. The record shows the following facts:

"During the opening statement the attorney for the ac-
cused said: 'I object to that as incompetent, irrelevant, and
immaterial, the talk with the district attorney, as not being
allowed to discuss it.' By the court: 'I think he has a right
to state that she made complaint, that he has a right to do.'
Exception taken. Defendant's attorney: 'What *Mr. Smits*
had done to her? I object to the statement of the district
attorney that she complained to Dr. Murphy and Dr. Davies
and her mother what *Mr. Smits,* the defendant named, had
done to her.' By the court: 'If it is confined to what he did,
that he has a right to state.' Exception taken."

Of course error must be made to appear affirmatively by
the record. Now we do not know by the record what the
district attorney's statement was to which objection was
made. It is undoubted law that the fact that the injured
female made early complaint is always admissible, but the
particulars of the complaint are not admissible except in a

case where the person ravished is very young. *Hannon v. State,* 70 Wis. 448, 36 N. W. 1. Just what particulars the district attorney stated he expected to prove here does not appear from the record. When the evidence of complaint was introduced no particulars were given, nor did the witnesses state that the complaining witness named the defendant as the guilty party. So if it be admitted that it is not competent to prove that the assaulted female named the person in her complaint, still we have no error actually shown to have been committed here, for no evidence of that kind was received, and the record does not even tell us with any certainty that the district attorney stated that it would be offered. There is some divergence of authority upon the question suggested; the weight of authority seeming to be against the reception of such evidence and confining the proof simply to the fact of complaint without details and without the name of the accused party. There are, however, jurisdictions where it is held that the name can be given. 10 Ency. of Ev. 587, 588, and notes. This court seems not to have met the proposition directly and we do not now decide it, but hold that upon the showing here made no prejudicial error appears in any event.

The accused requested the court to instruct the jury that if they found there was no penetration of the female organ they might find the defendant guilty of assault with intent to commit rape, but the court refused to give the instruction or its equivalent. This refusal is alleged as error. The fact that there had been penetration of the female organ of the prosecuting witness at about the time of the alleged rape was conclusively established; furthermore, it was not suggested on the trial or in this court that the penetration had been accomplished by any other person or agency than that claimed by the state. The evidence had made it certain that whoever committed the assault succeeded in accomplishing pene-

tration, hence there was no room for a finding that the defendant had committed an assault with intent to penetrate but had failed in accomplishing his purpose. Either he was guilty of rape or was entirely innocent.

It is contended that sec. 4580, Stats. (1898), as amended by ch. 296, Laws of 1907, is so far inconsistent with the provisions of sec. 4382 as to amount to a practical repeal of the last named section, or, if not, then that it demonstrates that there was no intent on the part of the legislature that the crime of rape upon a girl under fourteen years of age should be punished so severely as has been the case here. The bearing of sec. 4580 on the rape statutes was fully considered in *Loose v. State,* 120 Wis. 115, 97 N. W. 526, and it seems unnecessary to add anything further here. It was there held that both statutes could stand together, applying to sexual offenses not differing perhaps in the physical act but widely differing in their moral enormity. The amendments of 1907 contained in ch. 296 and ch. 653 of the laws of that year do not affect the conclusion there reached.

It is argued that the punishment in the present case is cruel and unusual. The original statute of this state punished rape upon a girl under the age of consent with imprisonment for life (R. S. 1849, ch. 133, sec. 40), and the punishment so remained for many years. It is true that the age of consent was raised by ch. 193 of the Laws of 1887 to fourteen years, but the limit of punishment was not changed until 1889, when by ch. 368 of the laws of that year the present punishment was inserted in place of imprisonment for life.

It is true that under this statute the punishment may be very severe and we can readily imagine cases where, if the extreme limit of imprisonment or any term nearing that limit were imposed, it might well be condemned as cruel and unusual. In the present case, however, while the sentence is severe, we are unable to say that the punishment inflicted is

so disproportionate to the gravity of the crime as to offend against the constitutional inhibition against cruel and unusual punishments.

*By the Court.*—Judgment affirmed.