## WOOLSEY v. ZIEGLAR.

No. 1807. Opinion Filed April 9, 1912.

(123 Pac. 167.)

1.  SALES—"Warranty"—What Constitutes. In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing, or be made in specific terms; and it is not at all necessary that the word "warrant" or "warranty" shall be used. Any direct and positive affirmation of a matter of fact, as distinguished from the mere matter of opinion or judgment, made by the seller during the sale negotiations and as a part of the contract, designed by him to induce the action of the purchaser, and actually relied upon by the latter in making the purchase, will be deemed to be a warranty.

2.  SAME—Construction. A warranty arising from representations made by the seller at the time of sale that a cow is a first-

class No. 1 milch cow implies the absence of any defect or disease which impairs or in its progress will impair the animal's natural usefulness for the purpose for which it is purchased, and is breached by any defects which render it permanently less serviceable, although the defect may not be fully developed at the time of the sale.

3.   NEW TRIAL—Overruling Motion—Discretion of Court.   Where during a trial it was discovered that certain depositions theretofore on file were missing, no charge of misconduct being made, and where after search said depositions could not be found, and the trial was proceeded with, no objection at the time being made, held not error to overrule a motion for a new trial supported by said depositions, afterwards found, on the ground of abuse of discretion in the trial court, and on account of accident or surprise, which ordinary prudence could not have guarded against.

4.   NEW TRIAL—Review—Setting Aside Verdict.   It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict.

(Syllabus by Sharp, C.)

*Error from Kay County Court;*
*Claude Duval, Judge.*

Action by H. M. Zieglar against A. B. Woolsey.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*G. A. Chappell,* for plaintiff in error.

*Sam K. Sullivan* and *H. S. Braucht,* for defendant in error.

Opinion by SHARP, C.  Plaintiff sued defendant for damages growing out of an alleged breach of warranty in the purchase of a milch cow.  The contract of sale was verbal.  The testimony of the plaintiff tended to show that he had advertised in a newspaper for a first-class milch cow; that the defendant represented he had such a cow as the plaintiff wanted, claiming that his cow was a first-class No. 1 Jersey; that the plaintiff went out to defendant's farm and saw the cow, and that she looked to be a first-class cow, and that plaintiff at the time remarked that she ought to be milked, but was advised to the contrary by defendant, and that at the time the animal looked as if she was in misery; that plaintiff thought she was a good cow, and in-

formed defendant that, if she was as represented, he would pur-chase her at a price which was afterwards agreed upon; that defendant represented the cow to be as good as he had ever seen, and that her outward appearance bore out this representation, but that the purchase was made upon the representation of defendant that she was in fact a good milch cow, and that it was upon the representation made, and not the personal inspection of the cow, that plaintiff relied, and upon which the trade was finally consummated. It developed shortly afterwards that the cow was not as it was alleged was represented, but, instead of being a good milch cow, was of little or no value, and that thereby plaintiff was damaged to the extent of his judgment. The testimony of the defendant tended to deny any warranty.

The first objection urged is to the action of the court in overruling the demurrer to the plaintiff's evidence.

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith." (*Moore v. First Nat. Bank of Iowa City,* 30 Okla. 623, 121 Pac. 626; *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776.)

Measured by this proper requirement, it was not error for the court to overrule the demurrer, as there was testimony directly tending to support the verdict of the jury.

It is next urged that the court erred in giving instructions numbered 3 and 4. These instructions submitted to the jury the law of warranty applicable to the testimony. In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing or be made in specific terms; and it is not at all necessary that the word "warrant" or "warranty" shall be used. Any direct and positive affirmation of a matter of fact as distinguished from a mere matter of opinion or judgment, made by the seller during the sale negotiations, and as a part of the contract, designed by him to induce

the action of the purchaser, and actually, to some extent at least, relied upon by the latter in making the purchase, will be deemed to be a warranty.    Mechem on Sales, sec. 1235; Tiffany on Sales, p. 162; Beach on Contracts, sec. 259; Parsons on Contracts (9th Ed.) p. 579; *Hawkins v. Pemberton*, 51 N. Y. 200, 10 Am. Rep. 595; *Id.*, 44 How. Prac. (N. Y.) 102; *Fairbank Canning Co. v. Metzger*, 118 N. Y. 260, 23 N. E. 372, 16 Am. St. Rep. 753; *Reed v. Hastings*, 61 Ill. 266; *Robinson et al. v. Harvey*, 82 Ill. 58; *Erskine v. Swanson et al.*, 45 Neb. 767, 64 N. W. 216; *Austin v. Nickerson*, 21 Wis. 549; *Jack et al. v. D. M. & F. D. R. Co.*, 53 Iowa, 399, 5 N. W. 537; *Henshaw et al. v. Robins*, 9 Metc. (Mass.) 83, 43 Am. Dec. 367; *Smith v. Barden*, 160 Ind. 223, 66 N. E. 683.    If, therefore, the defendant made representations to the plaintiff upon which he relied, concerning the quality or character of the cow, intended by him to induce the purchase, and which representations were relied upon by the plaintiff, such direct and positive affirmations in law constitute a warranty.    In 30 Am. & Eng. Enc. L. 136, it is said:

"Any distinct assertion or affirmation as to the quality or character of the thing to be sold, made by the seller during the negotiations for the sale, which it may reasonably be supposed was intended to induce the purchase and was relied on by the purchaser, will be regarded as a warranty unless accompanied by an express statement that it is not intended as such.    If the affirmation was made in good faith, it is still a warranty.    If made with a knowledge of its falsity, it is none the less a warranty, though it is also a fraud."

Many cases are cited in the text in support of the foregoing rule.    While it is true that mere statements by the seller of his own opinion or belief not amounting to a positive affirmation or statement of a fact, upon a matter about which the purchaser is to exercise his own judgment, does not amount to a warranty, yet the statements alleged to have been made by defendant and upon which it was claimed the plaintiff relied were not mere matters of opinion or belief, but, on the contrary, were distinct assertions as to quality or character, and that of a material fact which a mere inspection of the animal would not dis-

close. At the time of the examination the cow was not fresh, and the nature of the transaction rendered it impracticable, if not impossible, to ascertain at the time whether the cow was as represented.

A warranty arising from representations made by the seller at the time of sale that a cow is a good milch cow implies the absence of any defect or disease which impairs, or in its progress will impair the animal's natural usefulness for the purpose for which it is purchased, and is breached by any defects which render it permanently less serviceable, although the defect may not be fully developed at the time of the sale. Mechem on Sales, sec. 1268; Williston on Sales, sec. 196; *Kenner v. Harding,* 85 Ill. 264, 28 Am. Rep. 615; *Snyder et al. v. Baker et al.* (Tex. Civ. App.) 34 S. W. 981; *Mosely v. Gordon,* 16 Ga. 384; *Shewalter v. Ford,* 34 Miss. 417; *Fondren v. Durfee,* 39 Miss. 324; *McCann v. Ullman et al.,* 109 Wis. 574, 85 N. W. 493; *Mitchell et al. v. Pinckney,* 127 Iowa, 696, 104 N. W. 286.

The question as to what was intended by the seller's affirmations as a rule is one for the jury, to be determined upon a consideration of all the facts and circumstances shown in evidence, except in those cases where, from the nature of the circumstances, a seller is estopped to deny an intention to warrant, or where the representation is in writing and the facts under which it was made are not in dispute. We do not think that the instructions complained of are open to the objections urged. It was for the jury to say what was meant by the representations made by the defendant, as testified to by the plaintiff, and by instruction No. 3 this question was submitted for the jury's determination. In order that a warranty should attach to the language used by defendant, it was not necessary that the seller intended to cheat or defraud the purchaser. Neither was it material that he believed the representations by him made to be true at the time, and therefore this question was properly submitted to the jury under instruction No. 4.

It seems that, before the trial in the justice of the peace court, depositions of several witnesses residing in Arkansas City,

Kan., were taken on behalf of defendant, and that during the trial of the case in the county court it was discovered that these depositions were misplaced, and that defendant asked a continuance to look for the depositions, which it appears was granted, but, not being found, the court ordered the parties to proceed with the trial. To this action of the court no objection was made or exception saved. While the defendant was being cross-examined, the following questions were propounded and answers given:

"Q. Now you went to Arkansas City and took the depositions of these parties that you bought the cow of? A. Yes. Q. You don't know where they are? A. No, sir. Q. Have you had any conversation as to whether you would use them or not? A. No, sir; we are satisfied if you are. Q. You remember the contents of them? A. Yes; part of them."

It cannot therefore be said that there was any abuse of discretion in overruling the motion for a new trial on the ground occasioned by the misplacement of the depositions, as the defendant at the time not only made no objection to proceeding with the trial, but, on the contrary, in legal effect expressed a readiness not to use the depositions. Litigants may not speculate on the verdict of a jury, or the judgment of a court, in this manner; and while we may conceive of cases wherein there might be an abuse of discretion in forcing a party to proceed with the trial of a case where the depositions or files were lost without fault or blame on his part, and where the discovery was not made until during the progress of the trial, yet the facts as here presented do not warrant the invocation of such a rule.

It is urged that the verdict is not supported by the evidence, and was reached by the jurors trying the case, as a result of a compromise. We do not think so. The amount of damages as found by the verdict is amply supported by the testimony of the witness Haase, if not by other testimony. In such cases it is only where the verdict cannot be justified upon any hypothesis presented by the evidence that the verdict should be set aside. Thompson on Trials, sec. 2606; *Meyer v. Shamp,* 51 Neb. 424, 71 N. W. 57.

We conclude, therefore, that the judgment of the trial court should be affirmed.  ·

By the Court:  It is so ordered.