## BROWN v. COATES.

No. 10878—Opinion Filed Nov. 21, 1922.

(Syllabus.)

**1. New Trial — Compromise Verdict—Validity.**

It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict.

**2. Same—Sufficiency of Evidence.**

The record examined, and held there is sufficient evidence to support the verdict of the jury.

**3. Appeal and Error—Citation of Authority—Necessity.**

A plausible, but not convincing, argument, in the brief, unsupported by citaton of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

Error from District Court, Custer County; Frank Mathews, Assigned Judge.

Action by R. P. Coates against J. R. Brown for services performed. Judgment for plaintiff, and defendant brings error. Affirmed.

A. J. Welch, for plaintiff in error.

T. A. Morgan and Eugene Forbes, for defendant in error.

McNEILL, J. This action was commenced in the district court of Custer county by R. P. Coates against J. R. Brown to recover for services performed under an oral contract. The plaintiff contended he performed services under an oral contract, and was to receive $7.50 per day, including Sunday, whether he worked or not, from January 8, 1919, until July 9, 1919. That he received $270.25, and there was a balance due of $1,102.25. The defendant answered and denied the plaintiff was to receive $7.50 per day, but contended he was to receive $6

for each eight-hour day actually worked; that he had been paid $270.25, and as part payment the plaintiff agreed to take an oil and gas lease on 40 acres of land for an agreed consideration of $300, which had been tendered, and defendant had overpaid the plaintiff the sum of $140, and asked judgment on his cross-petition for that amount The jury returned a verdict in favor of plaintiff for $700. The defendant filed a motion for new trial, and the court required the plaintiff to file a remittitur of $300, being the agreed price the plaintiff was to pay for the lease. The plaintiff filed said remittitur, and the court overruled the motion for new trial and rendered judgment for $400. From said judgment defendant has appealed.

For reversal it is contended that the verdict cannot be justified upon any theory of the evidence, and the same was a compromise verdict; it being contended that plaintiff was entitled to the full amount claimed, or defendant was entitled to the amount claimed, and the verdict was a compromise verdict.

This court, in the case of Woolsey v. Zieglar, 32 Okla. 715, 123 Pac. 164, stated as follows:

"It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict."

It appears that the stenographer was unable to make a case-made, and the parties have agreed to the substance of the testimony. From the evidence the jury might have believed that the plaintiff was to receive $6 per day, and also have believed that he was not to receive pay for Sundays unless he actually worked. If he was to receive pay at $6 per day, including Sundays, the amount due would be $1,098. Plaintiff admitted that he received $270.25; then under that theory of the case he would only be entitled to $827.25. The evidence is not clear whether plaintiff worked Sunday or not, and the jury might have believed from the evidence that he did not work Sundays and was not entitled to pay for Sundays, so if the jury found that he had not worked on Sundays and should not have been paid for Sundays, the amount of $700 would be approximately the amount due. The jury could have arrived at the verdict upon another hypothesis, to wit: There is some evidence that the plaintiff worked for other parties between January 8th and July 9th, while the exact time is not disclosed from the evidence, but it might have been estimated if this time be deducted; the amount

due would be about $700; so by applying the rule in the case of Woolsey v. Zieglar. supra, it cannot be said that the verdict cannot be justified upon any hypothesis. This assignment of error is not well taken.

The second assignment of error is misconduct of the jury and irregularities of proceedings in the trial. Upon this proposition there is a statement made in motion for new trial that during the progress of the trial a heavy wind come up and it was impossible to hold court, and the jury absented themselves from the jury box and mingled with other parties in the court room, and one of the jurors left the court house and sought shelter in a dugout; and further contended that only 30 minutes was given for argument. No exception was made at the time to this part of the proceeding during the progress of the trial. Plaintiff in error cites no authorities to support his contention; therefore the assignment cannot be sustained under the rule anounced in the case of Blue v. Board of County Commissioners of Garvin County, 82 Okla. 178, 198 Pac. 851.

These are the only two questions argued in the brief, and neither being well taken, the judgment of the court is affirmed, and it is so ordered.

JOHNSON, KANE, MILLER, KENNAMER, and NICHOLSON, JJ., concur.