A.R.K. MFG. CO. v. HALES.

No. 34329.   Oct. 7, 1952.

*249 P. 2d 123.*

Earl E. James, Oklahoma City, for plaintiff in error.

Robert O. Swimmer, Oklahoma City, for defendant in error.

PER CURIAM. The parties herein occupied reverse relative positions in the trial court, and hereafter they will be referred to as they there appeared.

In his amended petition the plaintiff alleges that he entered into a written contract with the defendant, whereby the defendant agreed to manufacture certain fixtures to be used in plaintiff's retail jewelry store at the agreed consideration of $3,500; that defendant constructed said fixtures and placed them in plaintiff's store and plaintiff paid the defendant the full consideration therefor; that because of defects in material and workmanship the defendant breached said contract, and that said fixtures were not of a value to exceed $500, and asks for a judgment for the difference, or $3,000.

The defendant answered by general denial, and further alleged that it had fulfilled all of its obligation under said contract; that said fixtures were manufactured and delivered to the plaintiff, were accepted by the plaintiff and paid for by the plaintiff, and that by reason of such acceptance and payment, plaintiff is estopped from making any claim for damages; and that if said fixtures did become defective it was due to the want of proper care by the plaintiff.

The trial upon the merits, before a jury, resulted in a verdict and judgment for the plaintiff in the sum of $500.

Of the numerous errors assigned by the defendant, it consolidates them all into one proposition: That the lower court erred in its instruction to the jury as to the proper measure of damages; and that is the only issue here presented.

The written contract, introduced in evidence, contains this clause:

"It is understood that this work is to be done with the best available materials, furnished according to the specifications of, and to the entire satisfaction of Mr. Hales."

This amounted to a warranty of quality of the fixtures to be manufactured. In the case of Woolsey v. Zieglar, 32 Okla. 715, 123 P. 164, this court said:

"In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing or be made in specific terms; and it is not at all necessary that the word 'warrant' or 'warranty' shall be used. Any direct and positive affirmation of a matter of fact as distinguished from a mere matter of opinion or judgment, made by the seller during the sale negotiations, and as a part of the contract, designed by him to induce action by the purchaser, and actually, to some extent at least, relied upon by the latter in making the purchase, will be deemed to be a warranty."

The lower court instructed the jury as to measure of damages as follows:

"In event you find for the plaintiff, then you are instructed in determining the amount to which he is entitled, the measure of damages is fixed by statute as follows: The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time. In this connection, if you find from the preponderance of the evidence that the plaintiff is entitled to recover, he would only be entitled to recover such damages as are established by a preponderance of the evidence, measured by the above statute, not to exceed, in any event, the sum of $3000.00, the amount sued for in his petition."

This instruction followed the statute (23 O. S. 1941 §34) verbatim and set forth the correct measure of damages under the evidence.

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys Don Vickers, Lawrence Jones, and George Jennings, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.