[L. A. No. 408. Department Two.—July 1, 1898.]

CHARLES N. GARTON, Assignee, etc., Appellant, v. JACOB STERN et al., Respondents.

121  347
127  361
121  347
189  175
189  648

ORDER GRANTING NEW TRIAL—APPEAL—CONFLICT OF EVIDENCE—CHANGE OF JUDGE.—It is the province and duty of the judge, upon motion for a new trial, to inquire into the sufficiency of the evidence to support a verdict or finding, and to grant a new trial when, in his judgment, the evidence is insufficient to support the decision, and his ruling will not be disturbed on appeal if there is a fair and substantial conflict of evidence on the issue involved. The power and duty of the judge to grant a new trial in such a case is not affected by the fact that the original trial was not had before him, and that his only knowledge of the facts of the case was obtained from the record.

ID.—INSOLVENCY—SALE OF STOCK OF GOODS—GOOD FAITH OF PURCHASER.—In
    an action by an assignee of an insolvent debtor to recover a stock
    of goods sold by the insolvent to the defendants, where judgment
    had been rendered for the plaintiff, and a motion by the defendants
    for a new trial was granted by another judge than the one who had
    tried the case, on the ground that the evidence did not sustain the
    finding that at the time of the sale the defendants had reasonable
    cause to believe that plaintiff was insolvent and made the transfer
    with a view to prevent the property from coming to the assignee in
    insolvency, where the evidence was conflicting, and both the insol-
    vent and the defendants positively testified contrary to the finding,
    and it appeared that the stock of goods had been continuously offered
    for sale to various parties for three months prior to the sale, and
    that defendants had made a standing offer therefor of a certain sum
    of money, no gross abuse of discretion appears in the order granting
    a new trial, and it will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Orange
County granting a new trial.  J. W. Towner, Trial Judge.  J.
W. Ballard, Judge granting the new trial.

The facts are stated in the opinion of the court.

Dillon & Dunning, for Appellant.

Max Loewenthal, for Respondents.

McFARLAND, J.—This is an appeal by plaintiff from an
order granting a new trial, made on motion of defendants.

The action was brought by the appellant, as assignee of Mrs.
E. M. Sprague, an insolvent debtor, to recover certain goods al-
leged to have been sold by the insolvent to the respondents for
the purpose of hindering and delaying her creditors, etc.  The
court below, in the first instance, rendered a judgment for the
plaintiff, and upon defendants' motion for a new trial the same
was granted by the court while a superior judge other than the
one who originally tried the case was presiding.  The motion
for a new trial was made upon various grounds, and among
others that the evidence was insufficient to support certain find-
ings of the court; and it incidentally appears from the opinion
of the judge of the court below who granted the motion, which
opinion appears in the brief of the respondent, that the motion
was granted mainly upon the ground that the evidence was in-
sufficient to justify the seventh finding that, at the time of the

sale, the defendants had reasonable cause to believe that the said Sprague was insolvent, and reasonable cause to believe that the transfer was made with a view to preventing her property from coming to her assignee in insolvency, etc. It is the province of the trial judge, upon motion for a new trial, to inquire into the sufficiency of the evidence upon which a verdict or finding was found, and it is his duty to grant a new trial when, in his judgment, the evidence was insufficient to support the decision; and his power and duty in the premises is not affected by the fact that the original trial was not had before him. And when there is an appeal here from an order granting a new trial, upon such grounds, the question presents the same aspect as that which would be presented upon an appeal from the original judgment. In either case the ruling of the trial court will not be disturbed here, if there was a fair and substantial conflict of evidence on the issue involved. In *Jones v. Sanders,* 103 Cal. 678, the decision has been made by one judge, and a motion for a new trial upon the ground that the findings were not justified by the evidence had been granted by another. And it was there claimed that the findings of the first judge should be treated as conclusive. But this court said: "We do not understand this to be the rule applicable to a case like this. It is true that this court will not review findings where there is a substantial conflict in the evidence, but it has been repeatedly held that upon motion for a new trial it is the duty of the trial court to examine the evidence, even though it be conflicting, and if dissatisfied with the conclusion reached, to grant a new trial. And the rule is the same whether the motion is heard by the judge who tried the case, or by some other judge, whose only knowledge of the facts is obtained from the record." (Cases cited.) In the case at bar there is certainly a substantial conflict of evidence as to the point above cited, on which the judge who granted the new trial mainly based his decision. Counsel for appellant very vigorously and strongly argues that the evidence was sufficient to support the findings; but it cannot be said that there was no substantial evidence against the correctness of that finding. It is sufficient to point out, for instance, that the defendants themselves positively swore that they had no knowledge that there was any intent upon the part of the insolvent to hinder her cred-

itors by making the sale, or that they knew of her insolvency, and the insolvent herself testifies to the same thing. The fact that there was sold at the time all of the small stock of goods which the insolvent had was undoubtedly a fact tending to show to the buyers that there was something suspicious about the sale; but, on the other hand, it was shown that these goods had been continuously offered for sale for three months before the occasion on which they were sold; that the insolvent had offered them for sale during that time to the respondents, who had made a standing offer of a certain amount of money for them, and that they had been offered to others, preceding that time, for sale. These are some of the facts which appeared in the case; and under these circumstances we cannot certainly say that there was so little evidence in favor of the decision of the court below as to make it apparent that there was a gross abuse of discretion.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.