[Civ. No. 495.   First Appellate District.—March 24, 1908.]

CLARENCE WHITAKER, a Minor, by His Guardian, JAMES A. WHITAKER, Respondent, v. CALIFORNIA DOOR COMPANY, a Corporation, Appellant.

APPEAL—REVIEW OF EVIDENCE—CONFLICT—TRIAL BY ONE JUDGE—ORDER DENYING NEW TRIAL BY ANOTHER JUDGE.—The application of the rule that the appellate court will not disturb an order denying a new trial, where the evidence is conflicting, is not affected by the fact that the trial was before one judge, and that, after his death, the order denying a new trial was made by another judge who did not hear the evidence.

ID.—FOUNDATION OF RULE.—The rule that the appellate will not disturb the finding of the trial court upon conflicting evidence is founded upon the essential distinction between trial and appellate courts, and grows out of a consideration of jurisdiction.

ID.—INSTRUCTION AS TO FALSE TESTIMONY—ABSENCE OF PREJUDICIAL ERROR.—An instruction to the jury as to false testimony that if they should find that the evidence is conflicting, and that any witness who has testified has willfully testified falsely in regard to any fact material to the issue in the case, they were at liberty ''to disregard and discard the whole testimony of such witness from your further consideration in coming to a verdict,'' is harmless where the evidence is conflicting in all material points in the case. The use of the words ''disregard'' and ''discard,'' instead of the word ''distrust,'' is not erroneous.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. W. E. Greene, Judge, rendering judgment. John Ellsworth, Judge, denying a new trial.

The facts are stated in the opinion of the court.

Myrick, Deering & Gibbons, for Appellant.

Charles E. Naylor, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment, and from an order denying defendant's motion for a new trial.

The action was brought to recover damages for injuries received by plaintiff, a boy fifteen years of age, while operating a grooving machine in the defendant's mill.

As there is a conflict in the evidence on the question involved, a statement of the facts of the case, or even a summary of them, is unnecessary. Appellant concedes, as indeed he must, that there is a conflict in the evidence; but he contends that the rule applied by appellate courts in such cases is inapplicable here under the peculiar circumstances of this case.

It appears from the record that the case was tried before the Honorable W. E. Greene, sitting with a jury; that before the motion for a new trial was made Judge Greene died, and the motion was submitted to another judge of the same court, the Honorable John Ellsworth. Appellant contends that the judge who heard and denied the motion for a new trial, not having seen the witnesses, nor observed their manner of testifying, was in no better position to weigh the testimony than is this court, and that therefore the rule which prevents appellate courts from examining the testimony when there is a conflict does not apply. In other words, appellant desires that we should examine and weigh the evidence as though the motion for a new trial were presented directly to us.

Appellate courts will not disturb an order of a trial court in granting or refusing a new trial when there is a substantial conflict in the evidence, and the circumstance that the motion was decided by a judge of the trial court who did not hear the evidence at the trial makes no difference in the application of the rule.

In *Reay* v. *Butler*, 95 Cal. 214, [30 Pac. 208], the supreme court holds that the rule just stated is not adopted merely because courts of review do not have, as do trial courts, the advantage of observing the appearance and bearing of witnesses; but it is also founded on the essential distinction between trial and appellate courts, and grows out of a consideration of jurisdiction, that it is the province of the trial courts to decide questions of law and fact, and of the appellate courts to decide questions of law; and that appellate courts can rightfully set aside a finding for want of evidence only when there is no evidence to support it, or when the supporting evidence is so slight as to show an abuse of discretion. The court further says: "It has been held directly in several cases

that the rule as to conflicting evidence applies to a case where the trial was before one judge, and the motion for a new trial passed upon by his successor, and where the latter saw none of the witnesses; or where the trial was before the old district court, and the motion before the succeeding superior court." (See, also, *Garton* v. *Stern,* 121 Cal. 349, [53 Pac. 904].) The rule is the same in all cases, whether the evidence is given orally or by deposition or affidavit (*Sheehan* v. *Osborn,* 138 Cal. 515, [71 Pac. 622]; *Parrott* v. *Floyd,* 54 Cal. 535), or upon testimony in other cases (*Knox* v. *Moses,* 104 Cal. 505, [38 Pac. 318].)

The judge who presided at the trial gave the following instructions: "*If in this case in the consideration of it you shall find that the testimony is conflicting, and if you shall find from the evidence that it is so conflicting,* and that any witness who has testified in it has willfully testified falsely in regard to any fact material to the issue in the case, you are at liberty to disregard and discard the whole testimony of such witness from your further consideration in coming to a verdict."

Appellant objects to the part of the instruction in italics, because it does not apply the rule that a witness false in one part of his testimony is to be distrusted in others, to the whole testimony, but confines and limits the rule to conflicting testimony. We do not approve of this instruction, but as the testimony was contradictory in all the material points in the case, the instruction, even considering it apart from the others, was entirely harmless.

Subdivision 3 of section 2061 [Code Civ. Proc.] provides that when a witness. is false in one part of his testimony he is to be distrusted in others. The foregoing instruction, it will be noted, uses the words "*disregard*" and "*discard*" instead of the word "*distrust,*" and appellant says that disregard and discard do not mean the same as distrust; that distrust means suspicion, not disbelief, and that, therefore, so he contends, the court erred in giving this instruction.

This matter has been passed on adversely to appellant's views in the case of *People* v: *Soto,* 59 Cal. 367, in which case the same judge who tried this case gave an instruction almost word for word like the one under consideration. There as here the words "disregard" and "discard" were employed. The instruction read: "If you believe that the defendant, or any

other witness in this case who has testified, has willfully testified falsely in regard to any fact material to the issue, you are at liberty to disregard and entirely discard the whole testimony of such witness in coming to your verdict.'' And the supreme court, in sustaining the lower court, says (pages 369, 370): ''The court did not tell the jury that they *ought* to reject, or that they *must* reject the entire evidence of the witness, but simply instructed them that they were at liberty to disregard and discard the whole evidence of a witness who had willfully testified falsely to a material fact in the case. We are at a loss to see how the court, by leaving the matter entirely within the discretion of the jury, in any manner invaded its province, and we think the instruction was a correct and proper one.''

The judgment is affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 22, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1908.