## RISON v. HARRIS.

No. 4869.   Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 584.)

**NEW TRIAL—Grant Of—Authority of Trial Court.** It is the duty of the trial court, where a motion for a new trial contains as one of the grounds thereof that the verdict is not supported by the evidence, to weigh the evidence, and to use his own judgment in approving or disapproving the same, and if the verdict is such that the trial court cannot conscientiously approve it, and he believes that it should have been for the opposite party, it is his duty to grant a new trial.

(Syllabus by Devereux, C.)

*Error from County Court, Marshall County;*
*J. W. Falkner, Judge.*

Action by A. W. Rison against A. L. Harris. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This was an action to recover rentals reserved in a lease of certain farm lands, which the plaintiff alleged was duly assigned to him. The answer, which was duly verified, denied that the lease had been assigned, and this was the issue in the case. It appears from the record that the assignor of this lease had left the country, and therefore his testimony was not available, and that the original lease and the assignment thereof had been lost prior to the trial. The evidence as to whether the signature of G. F. McGahey, the assignor, was genuine or not, was largely that of handwriting experts. In overruling the motion for a new trial the court used this language:

"The material issue presented in this case was as to whether the name of G. F. McGahey, appearing to the indorsement of the lease contract assigning it to A. W. Rison, is genuine or not. Now this is an issue of fact clearly within the province of the jury to determine. Evidence pro and con, including expert testimony, was introduced tending to support or refute this fact. The jury in their verdict found against the genuineness of the signature. Now, I am frank to confess that if this issue had been before me, sitting as a jury, upon the evidence introduced, I should have made a different finding; that is, I would have found for the plaintiff. But if a judge is at liberty and it is his duty to set aside a verdict of a jury whenever a jury makes a different finding of fact than he would have done, if the issue had been submitted to him, notwithstanding it was an issue clearly within the province of the jury to pass upon, on which, under the evidence, reasonable men may arrive at different conclusions, then I am bound to confess that I do not understand the function of a jury, or rather I do not see the need or necessity of the intervention of a jury in any case. So, holding these views, I must overrule the motion for a new trial."

This was excepted to, and is incorporated in the case-made, and assigned as error. Plaintiff also requested an instruction on the subject of expert testimony, which was refused and exceptions duly saved.

*Albert W. Rison,* pro se.

*Kennamer & Coakley* and *E. S. Hurt,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The first assignment of error we will consider is the reason given by the trial court for refusing to grant a new trial; and this we think is error. In *Yarnell v. Kilgore,* 15 Okla. 591, 82 Pac. 990, the action of the

trial court was very similar to that in the case at bar, and the reasons given by him for refusing to set aside a verdict were almost the same. In reversing the case it is said:

"The trial court misconceived its duties in the premises. One of the grounds for a new trial is that the verdict is not supported by the evidence, and it has been held that in the trial of a case, so long as a juror is not satisfied that a verdict is correct (although he may have agreed to it) it cannot be received. *Frick v. Reynolds et al.*, 6 Okla. 648 [52 Pac. 391]. The jury in the first instance are the triers of all issues of fact, but when they have passed upon the facts, and expressed their views by a verdict, and the sufficiency of the evidence is challenged, then it must be weighed and considered by the trial court, and unless it is satisfied with the verdict to such an extent that its reason and judgment approve it, a new trial should be granted. The approval of a verdict does not mean that formal approval which is inferred from the act of rendering judgment on it, but it means the assent and approval of the mind, after due consideration; and when the mind of the court refuses to concur in the correctness of a verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supported by the evidence, so as to merit its approval, for in passing on a motion for new trial, it is the court and not the jury that must weigh and determine the effects of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusion it expresses."

And the same rule is laid down in *Hogan v. Bailey,* 27 Okla. 15, 110 Pac. 890. The law has been laid down the same way in various jurisdictions. In *People v. Knutte,* 111 Cal. 453, 44 Pac. 166, it is said:

"While it is the exclusive province of the jury to find the facts, it is nevertheless one of the most important

requirements of the trial judge to see to it that this func-tion of the jury is intelligently and justly exercised. In this respect, while he cannot competently interfere with or control the jury in passing upon the evidence, he never-theless exercises a very salutary supervisory power over their verdict; in the exercise of that power he should al-ways satisfy himself that the evidence as a whole is suf-ficient to sustain the verdict found, and, if in his sound judgment it is not, he should unhesitatingly say so, and set the verdict aside."

In *People v. Chew Wing Gow*, 120 Cal. 298, 52 Pac. 657, it is said:

"This is one of the most important duties which the trial judge has to perform, and, since no efficient review of his action can be had, it is peculiarly incumbent upon the judge to weigh the evidence with care, and grant a new trial when, in his opinion, the interests of justice re-quire it. In my opinion, there is no more prolific cause of the miscarriage of justice than the reluctance of trial judges to grant new trials in criminal cases."

The same rule is laid down by the Supreme Court of California in *Garton v. Stern*, 121 Cal. 347, 53 Pac. 904. In Kansas the rule has been repeatedly and emphatically announced. In *Kansas, etc., R. Co. v. Ryan*, 49 Kan. 1, 30 Pac. 108, the Supreme Court of that state say:

"It has been the unvarying decision of this court to permit no verdict to stand, unless both the jury and the court trying the cause could, within the rules prescribed, approve the same. When the judgment of the trial judge tells him the verdict is wrong, whether from mistake, or prejudice, or other cause, no duty is more imperative than that of setting it aside and remanding the questions at issue to another jury."

The same rule is laid down in *Atyeo v. Kelsey*, 13 Kan. 212; *Williams v. Townsend*, 15 Kan. 563; *Railway Co. v.*

*Keeler,* 32 Kan. 163, 4 Pac. 143; *Railway Co. v. Dwelle,* 44 Kan. 394, 24 Pac. 500; *Pierson v. Thompson,* 4 Kan. App. 173, 45 Pac. 944. In *Railway Co. v. Kunkel,* 17 Kan. 172, the court, speaking through Mr. Justice Brewer, say:

"The one [the trial judge] has the same opportunity as the jury for forming a just estimate of the credence to be placed in the various witnesses, and if it appears to him that the jury have found against the weight of the evidence it is his imperative duty to set the verdict aside."

The case of *Chicago, etc., R. Co. v. Groves,* 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802, is not in conflict with what we have said. In that case the court were speaking of instances in which the verdict should be set aside because contrary to law, and not of the duty of the trial judge to set aside a verdict when he is satisfied that it is unjust between the parties. Where the assignment of error is that the verdict is contrary to law, then it will only be set aside, as said by the court in that case, "where the evidence  *   *   * establishes the facts so clearly  *   *   * that the court may instruct the jury to bring in a particular verdict." This was made clear by the citation of Marshall's Kansas Trial Brief, 607, sec. 3080, cited by the court in that case, which citation deals entirely with the instances in which verdicts should be set aside because contrary to law. This case, therefore, is not in conflict with the *Yarnell Case* in 15 Okla. 591, 82 Pac. 990, *supra,* or that of *Hogan v. Bailey, supra.*

*Woolsey v. Zieglar,* 32 Okla. 715, 123 Pac. 164, is not in conflict with what we have said. The decision in that case is well set out in the fourth paragraph of the syllabus, which reads:

"It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it

should be set aside on the ground that it is a compromise verdict."

This case does not decide that, where the trial judge is satisfied that the verdict is wrong, he should not set it aside, but only that, when the verdict is attacked on the ground that it is a compromise verdict, this fact should be established as above.

It is plain from the language used by the trial judge in the case at bar that he has not followed the rule laid down in the above cases. It is equally clear that he was not satisfied with the verdict, because he says, in effect, that it was his opinion that where the issue of fact was submitted to the jury, and they passed on it, it was his duty to permit the verdict to stand, although he was not satisfied with its justness. The cases above cited clearly indicate that he took a wrong view of his duty in the premises.

As this case must go back for a new trial, we deem it proper to say that it was the duty of the trial court to have charged on the question of expert testimony; but the instruction presented by the plaintiff in error was too broad, and was properly refused. In *A., T. & S. F. R. Co. v. Thul*, 32 Kan. 255, 4 Pac. 352, 49 Am. Rep. 484, the proper rule on this subject is laid down.

We therefore recommend that the judgment below be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.