## EARLEY *et al.* v. JOHNSON.

No. 7211.    Opinion Filed October 10, 1916.

(160 Pac. 482.)

1.    **APPEAL AND ERROR—Review—Questions of Fact—Sufficiency of Evidence.** Where a verdict cannot be justified upon any hypothesis presented by the evidence, it will not be allowed to stand. The jury are not permitted to disregard the law and the evidence and decide a case merely upon their own whim or according to what their notion of equity between the parties may be.

2.    **SAME.** It is only where the verdict cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that is is a compromise verdict.

3.    **SALES—Action for Price—Sufficiency of Evidence.** Evidence examined, and **held** to support the verdict.

(Syllabus by the Court.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by H. B. Johnson against Oscar Earley and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Riddle & Hammerly,* for plaintiffs in error.

*Bond, Melton & Melton,* for defendant in error.

HARDY, J.    Johnson sued Earley and Brown to recover the purchase price of four head of cattle, amounting to $180, or $45 per head. The jury awarded plaintiff a verdict for $90, and defendants appeal.

All the assignments of error may be considered under the one proposition that there is no evidence to support a recovery on behalf of plaintiff for the value of two head of cattle, and that the verdict is the result of a compromise by the jury, to the prejudice of defendants. Defend-

ants claim that under the evidence the verdict should have been either for the full amount, the value of four head, or for defendants, and that there was no evidence upon which the verdict could be based.

Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand. The jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them according to their own theories of what may be right between the parties, which is in reality deciding it merely according to their own whim, and in disregard of the evidence given at the trial. 2 Thompson on Trials, sec. 2606; *Thompson v. Burtis et. al.,* 65 Kan. 674, 70 Pac. 603; *Whitney v. Milwaukee,* 65 Wis. 409, 27 N. W. 39; *Gartner v. Saxon,* 19 R. I. 461, 36 Atl. 1132; *Schrader v. Hoover,* 87 Iowa, 654, 54 N. W. 463.

However, it is only where the verdict of the jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict. *Woolsey v. Zieglar,* 32 Okla. 715, 123 Pac. 164.

Plaintiff's bill of particulars alleged that plaintiff had sold defendants 234 head of cattle at an agreed price of $45 per head, with the understanding that, in case plaintiff owned and delivered more than that amount, defendants would pay $45 per head for each additional head. Plaintiff's evidence showed that about April 1, 1914, he delivered to defendants 212 head, 210 of which were gathered and delivered at a certain pasture where they were counted bv both parties; all agreeing that the count of 210 was correct. Two other head were at a farmhouse in the neighborhood, and were accepted by defendants.

El Anderson, a witness on behalf of plaintiff, testi-fied: That he was acquainted with the ranch where the cattle were located and with the cattle in question. That he assisted in gathering them, when they were delivered, and that said cattle were driven through a hog lot and tallied into a grass pasture separate from the pasture in which they were gathered; the two pastures being sepa-rated by a wire fence which was in good repair. That some time after the delivery, witness rode through the pasture where the cattle had been gathered and found four head of cattle therein, which he drove into a hog lot adjacent to the pasture and reported the fact to plaintiff. That in his best judgment these four cattle had not been gathered or delivered to defendants.

J. E. Brown, one of the defendants, testified that he and the plaintiff counted the cattle at the time they were de-livered, and both counted 210 head; that when advised that Anderson had gathered four additional head he immedi-ately went to the ranch and saw them. He identified one of the four as having been counted and delivered the day before.

Defendant Earley testified that he saw the four cattle that Anderson gathered, and he knows that one of these cattle had been counted the day before. The one claimed by Brown and Earley to have been counted at the time of the first delivery was a roan heifer.

Charles Hobbs, a witness for defendants, testified that he was present at the time the cattle were counted and de-livered, and that he afterwards saw the four head for which plaintiff seeks a recovery, and that among the four was a yellow yearling which had been gathered the day before.

The issue was whether the four head for which plaintiff sued were included in the 210 head at the time they were counted and delivered, or whether they were subsequently rounded up, and the evidence of plaintiff tended to show that none of the four head were in the first lot, and, had the jury taken plaintiff's theory and believed the evidence offered in his behalf, they would have been justified in returning a verdict for the full amount claimed. On the other hand, the evidence of defendants was to the effect that, of the four, a roan heifer and a yellow yearling had been previously gathered and delivered. The jury had a right to believe this evidence, and, so believing, it was their duty to return a verdict in favor of plaintiff for two head only.

The sole question in this case being whether there was sufficient testimony to sustain the verdict, it appears from the foregoing that there was, and, this being true, the judgment rendered on the verdict is correct, and the case should be, and is, hereby affirmed.

All the Justices concur, except KANE, C. J., absent.