**RUSSELL JOBBERS MILLS v. DILL-CROSSETT, Inc.**

(Syllabus.)

No. 12910—Opinion Filed March 25, 1924.

Rehearing Denied June 24, 1924.

1. **Appeal and Error—Conclusiveness of Verdict.**

Where the law applicable to the facts and material to the issues is fairly submitted to the jury under proper instructions, the verdict of such jury will not be disturbed if it is reasonably supported by the testimony in the case.

2. **Same—Damages for Breach of Contract.**

The principle requiring the verdict to be set aside which cannot be justified upon any hypothesis which is presented by the evidence in respect to the amount thereof, applies only to cases where the damages sought to be recovered are liquidated. Verdict for a breach of a contract for an amount less than maximum recovery under the testimony will not be set aside on the ground that an exact calculation cannot be made from the testimony for the identical amount.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by Dill-Crossett, Inc., against Russell Jobbers Mills, a corporation, to recover on breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

Shirk, Danner & Fowler, for plaintiff in error.

Keaton, Wells & Johnston, for defendant in error.

WARREN, J. This is a case wherein the plaintiff in the court below sues the defendant for $2,100 for breach of contract to buy 30 tons of peanuts, the said sum representing the difference between the contract price and the alleged market price at the time of the breach. The parties hereto will be referred to as the appeared in the trial court.

The defendant filed its answer, alleging misrepresentation in the making of the contract in that the plaintiff represented the market price of said nuts at San Francisco to be 14¼ cents per pound for the particular quality of nuts purchased. while, as a matter of fact, the market price was 13¼ cents per pound.

The defendant further alleges that there was a letter written by the plaintiff to the defendant which constituted a part of the contract, or supplement thereto, wherein said plaintiff agreed that the said nuts should be promptly shipped from the Seattle docks, where they had arrived. It further alleges that such prompt shipment was not made.

Defendant also alleges that such nuts were not shipped from Oriental ports at such time contracted for, which was to have been December, 1919, of January, 1920.

Appellant is aggrieved at the alleged error of the trial court in the giving of the instructions, but the burden of the complaint rests on the failure of the trial court to construe a letter written by the plaintiff to

the defendant to be a part of the contract.

It appears that the contract was executed in November, 1919, and was for the sale of Chinese peanuts to be shipped from the Orient in December, 1919, or January following. The contract provided against delays from "unavoidable causes." The nuts were shipped from China the latter part of January, arriving in Seattle early in March. On their arrival about March 11, 1920, plaintiff wrote defendant advising of the arrival and stating that the nuts "will be promptly shipped to you."

Delay was caused by congestion at the Seattle docks, and before shipment was finally made from Seattle a letter was written by defendant on March 30, 1920, to plaintiff stating that defendant would not accept the shipment and announcing that it would not perform the contract.

Defendant cites numerous authorities, undoubtedly good law, to the effect that several instruments, a part of one contract, shall be construed together as one contract. It attempts to fasten to the contract of November 24, 1919, a voluntary letter of March 11, 1920, notifying defendant of shipment. The trial court in instructing the jury acted on the theory that the contract of November 24, 1919, was complete and expressed the final obligation of the parties. There is nothing in the letter to show that it was other than a mere declaration of intention to carry out in good faith the natural obligation of the parties under the contract.

Defendant requested an instruction of the trial court construing the said letter as an obligation of the plaintiff to ship the nuts without delay. It was the theory of the defendant that the writing of this letter supplanted the provision of the contract against unavoidable delays. This the trial court refused to do. The court did instruct the jury, however, as follows:

"You are further instructed that if you find and believe from the evidence that the shipment in question was not ready to be forwarded within a reasonable time as alleged by the defendant in that the shipment was not forwarded from the Orient within the provisions of the contract, to wit, December, January shipment, or if you find and believe from the evidence that an unreasonable delay was had at Seattle after the peanuts arrived at that port, then your verdict will be for the defendant. However, if you find that the plaintiff has complied substantially with its contract and that at the time the defendant refused to accept the product in question that the market price had decreased, then you will find for the plaintiff for the difference between the contract price, if any, and the reasonable market value of the product at Seattle, to wit, the Pacific coast market."

This instruction fully declared the law of the case. The court in construing the law therein having held that the letter was not a part of the contract, requested instruction of the defendant was not proper and the above instruction fully stated the law. Under this instruction the jury found that the delay was not unreasonable, or in the light of the contract unavoidable.

This case was submitted to the jury under instructions which properly stated the law of the case. Under these instructions the jury found for the plaintiff in the sum of $1,250, and this verdict will not be set aside by this court if there is any evidence reasonably supporting it. Moore v. Johnson, 39 Okla. 587, 136 Pac. 422; Tulsa St. Ry. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410; A., T. & S. F. Ry. Co. v. Eldridge, 41 Okla. 463, 139 Pac. 254; Alfred v. St. Louis, I. M. & S. Ry. Co., 42 Okla. 4, 140 Pac. 415; C., R. I. & P. Ry. Co. v. Carden, 46 Okla. 557, 149 Pac. 127.

This brings us to the contention of the defendant that the verdict should be set aside because the amount thereof was apparently not the result of an exact calculation of the damages claimed by the plaintiff or the result of the difference between contract price and market price, as shown by government reports put in evidence by the defendant. Defendant cites two cases: Galligan v. Luther (Colo.) 128 Pac. 1123; Burns-Moore Mining & Tunnel Co. v. Watson (Colo.) 101 Pac. 335. In both of these cases the defendant in the trial court either owed the entire sum sued for or nothing at all. There was no variation of the contract and testimony or any opportunity to calculate damages from estimates, as in the case involved. In both of these cases the plaintiff in the case was the appellant. The Colorado cases, however, need not be discussed, because this court has already passed fully on the questions involved.

In the case of St. Louis & S. F. Ry. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970, the court had under consideration damages for the destruction of an automobile. Witnesses testified to a value of from $1,000 to $1,200 for the car before the accident. They testified that the car was a total loss. The verdict was for $550, and this court upheld the verdict in the following syllabus:

"Where the evidence tends to show the value of the property to have been from $1,000 to $1,200 before the injury, and practically nothing thereafter, but where such evidence is not such as to preclude any doubt as to such valuations, and where the

verdict is for only $550, a defendant against whom such verdict is given is not entitled to a new trial upon the ground that such verdict was evidently the result of compromise.

"The principle requiring a verdict to be set aside which cannot be justified upon any hypothesis that is presented by the evidence in respect to the amount of same applies only to cases where the damages sought to be recovered are liquidated; and a verdict for unliquidated damages in an amount less than any evidence tends to show will not be set aside upon the ground that it was the result of compromise not otherwise shown."

See, also, Thompson on Trials, vol. 2, sec. 2606.

It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict. Earley v. Johnson, 58 Okla. 466, 160 Pac. 482; Woolsey v. Zieglar, 32 Okla. 715, 123 Pac. 164; Rison v. Harris. 50 Okla. 764, 151 Pac. 584.

In the case of St. Louis & S. F. Ry. Co. v. Model Laundry, supra, the suit was for a lump maximum sum for the value of the car to be determined by the jury hearing the testimony in the case.

The case of Earley v. Johnson, supra, was a suit for the purchase price of four head of cattle, which the plaintiff alleged had been delivered to the defendant with other cattle, purchased at the rate of $45 per head, but not paid for. The only question in the case was the delivery of the cattle. There was no question as to the price and no testimony as to a different number of head. The jury found for the plaintiff in the sum of $90, which verdict was not supported by any evidence introduced in the lawsuit. The court reversed the case, holding that the verdict could not be justified under any hypothesis.

There is no conflict in the law, as declared by this court, in St. Louis & S. F. Ry. Co. v. Model Laundry, supra, and Earley v. Johnson, supra. In the one case the plaintiff sued for an unliquidated sum and was entitled to recover in any sum less than the maximum amount sued for. In the other case the plaintiff sued for the purchase price of four head of cattle, a fixed amount, and was entitled to recover that or nothing.

The case at bar falls clearly in the class of cases represented by St. Louis & S. F. Ry. Co. v. Model Laundry, supra, and the decision of the court in this case turns on the decision in that case.

The defendant cannot complain because the jury might have rendered a larger verdict against it. There are many things that may have been in the minds of the jury in rendering this verdict. There was testimony before the jury that the market price at time of purchase was from one to one and one-half cent less per pound than the contract price. Though this point was not stressed, yet the jury may have taken it into consideration and made defendant an allowance to which it was not entitled; if so, defendant cannot complain.

We are, therefore, of the opinion that the defendant in the case at bar had a fair trial. The jury found for the plaintiff, and this court will not disturb the verdict. The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, MASON, and LYDICK, JJ., concur.