**McKEEL v. MERCER et al.**

No. 20698.   Jan. 30, 1934.

Rehearing Denied Feb. 27, 1934.

Blanton, Osborn & Curtis and Robert S. Kerr, for plaintiff in error.

James W. Finley, Hayes McCoy, and A. Carey Hough, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Pontotoc county. The cause was before this court and the decision thereof was reported un-

der the title of McKeel v. Mercer, 118 Okla. 66, 246 P. 619. The judgment theretofore rendered was reversed by this court by that decision for the reason that the trial court had taken from the jury a controlling question in the case, which question was whether or not a contract had been consummated between J. F. McKeel, an attorney, and J. W. Mercer. We do not think it necessary to review that decision at length, for the reason that it speaks for itself.

Upon a remand of the cause to the trial court, an amended answer and an amended reply were filed. The trial court submitted certain questions to the jury and rendered a judgment that Mr. Mercer pay Mr. McKeel the sum of $2,000; that Mr. Mercer's title to the land be quieted upon the payment thereof, and that upon a failure to pay the same the land be sold in satisfaction of the judgment in favor of Mr. McKeel.

Herein Mr. McKeel contends that the trial court erred in refusing to instruct the jury to return a verdict in his favor and against Mr. Mercer for the sum of $1,232.60; that it erred in not entering a judgment accordingly, and that it erred in not entering a judgment for Mr. McKeel for one-half of the oil and gas rights in and under the 80 acres of land involved in the controversy and charging the judgment for money as a lien upon all interest in the land other than the one-half interest of Mr. McKeel.

Those contentions require an examination of the record.

The record discloses that Mr. Mercer had a deed to the land involved in the action; that his title thereto was questionable, if not void; that Mr. McKeel, an attorney, through an agent, procured deeds to the land; that Mr. McKeel instituted this action for the purpose of recovering possession of the land from Mr. Mercer; that Mr. Mercer defended the action by asserting title in himself and by pleading that the title of Mr. McKeel was in trust for Mr. Mercer, and that Mr. McKeel replied by pleading that Mr. Mercer had employed him to procure deeds to the land under an agreement by which Mr. Mercer was to repay the expenses of acquiring the deeds and by giving Mr. McKeel an undivided one-half interest in the mineral rights in and under the 80 acres of land.

There is a sharp conflict in the evidence. The testimony on behalf of Mr. McKeel shows that Mr. Mercer authorized Mr. McKeel to acquire deeds to the 80 acres of

land for the purpose of perfecting the title of Mr. Mercer thereto, and that Mr. Mercer agreed to pay Mr. McKeel the cost of acquiring the deeds and to convey to him an undivided one-half interest in the mineral rights in the 80 acres of land.

The testimony on behalf of Mr. Mercer shows that Mr. Mercer discussed the matter of acquiring deeds to the lands with Mr. McKeel; that Mr. Mercer offered to pay Mr. McKeel $1,000 for perfecting title to the land, or convey to him an undivided one-half interest in the minerals in the 80 acres of land; that Mr. McKeel insisted on Mr. Mercer conveying to him an undivided one-half interest in the minerals in the 80 acres of land in question and 40 acres of other land; that Mr. Mercer would not consent thereto, and that the conference ended without any agreement between the parties.

The record shows without dispute that the cost of acquiring the deeds was $1,232.60 and that they were acquired on April 26, 1921. The judgment of the trial court was rendered on April 6, 1929.

Under the pleadings and the evidence, the trial court was required to adopt one of the two theories presented to it. It could have sustained the contention of Mr. McKeel that a contract existed, and that he was entitled to recover the amount of money expended by him and an undivided one-half interest in the mineral rights in the 80 acres of land, or it could have sustained the contention of Mr. Mercer that no contract existed and that Mr. McKeel held the land in trust for Mr. Mercer. Had the trial court adopted the latter theory, the trial court could have applied the equitable principle announced by this court in the former decision in this case, that, since Mr. Mercer was seeking equity, he must do equity, that is, he must pay Mr. McKeel the cost of procuring the deeds as a condition precedent to the quieting of the title to the land in Mr. Mercer. The judgment of the trial court conforms to neither of those theories. It was a personal judgment in favor of Mr. McKeel against Mr. Mercer for $2,000. That judgment is not sustained by any evidence in the case.

We note that that judgment is also against Mr. Mercer's wife. There was neither pleading nor evidence to sustain a personal judgment against Mrs. Mercer, and the judgment as to her is void. While she did not appeal, we are calling attention to the apparent error in order that it may be corrected on the further trial of this cause.

Since the judgment of the trial court cannot be justified upon any hypothesis under the pleadings and evidence, it is reversed under the authority and decisions of this court in Earley v. Johnson, 58 Okla. 466, 160 P. 482, and Maly v. Lamberton, 113 Okla. 168, 240 P. 716, and the cause is remanded to the trial court for further proceedings under the law stated herein and in the former decision of this court.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur. OSBORN and BUSBY, JJ., disqualified.