### DICK v. ST. LOUIS-S. F. RY. CO.

No. 22113. April 3, 1934.

Rehearing Denied May 8, 1934.

A. J. Welch, for plaintiff in error.

E. T. Miller, Cruce & Franklin, and W. T. Stratton, for defendant in error.

CULLISON, V. C. J. Katherine Dick, as plaintiff, filed suit against the St. Louis-San Francisco Railway Company, defendant, seeking to recover damages. She alleged that defendant's railroad was so located and constructed that it caused gravel and chat to be washed upon her land and injured growing crops thereon.

The case was tried to a jury and resulted in judgment for plaintiff in the amount of $100, from which judgment plaintiff appeals and contends: That the verdict of the jury for a nominal sum of $100 is contrary to law, and the undisputed evidence; and, second, the court erred in refusing to vacate said judgment and grant plaintiff a new trial.

In consideration of said case the first question of error alone needs deciding.

The record discloses that the testimony of the witnesses testifying in said cause dif-

fered in the amount of damages to plaintiff's land and the crop growing thereon.

It is not a case where the amount of damage claimed is a specific amount or liquidated amount.

In the case of Russell Jobbers' Mills v. Dill-Crossett, Inc., 102 Okla. 134, 227 P. 126, this court held:

"The principle requiring the verdict to be set aside, which cannot be justified upon any hypothesis which is presented by the evidence in respect to the amount thereof, applies only to cases where the damages sought to be recovered are liquidated. Verdict for a breach of a contract for an amount less than maximum recovery under the testimony will not be set aside on the ground that an exact calculation cannot be made from the testimony for the identical amount."

And in the body of the opinion the court said:

"It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict. Earley v. Johnson, 58 Okla. 466, 160 P. 482; Woolsey v. Zieglar, 32 Okla. 715, 123 P. 164; Rison v. Harris, 50 Okla. 764, 151 P. 584. In the case of St. Louis & S. F. Ry. Co. v. Model Laundry, supra [42 Okla. 501, 141 P. 970], the suit was for a lump maximum sum for the value of the car, to be determined by the jury hearing the testimony in the case. The case of Earley v. Johnson, supra, was a suit for the purchase price of four head of cattle, which the plaintiff alleged had been delivered to the defendant with other cattle, purchased at the rate of $45 per head, but not paid for. The only question in the case was the delivery of the cattle. There was no question as to the price, and no testimony as to a different number of head. The jury found for the plaintiff in the sum of $90, which verdict was not supported by any evidence introduced in the lawsuit. The court reversed the case, holding that the verdict could not be justified under any hypothesis.

"There is no conflict in the law, as declared by this court, in St. Louis & S. F. R. Co. v. Model Laundry, supra, and Earley v. Johnson, supra. In the one case the plaintiff sued for an unliquidated sum, and was entitled to recover in any sum less than the maximum amount sued for. In the other case, the plaintiff sued for the purchase price of four head of cattle, a fixed amount, and was entitled to recover that or nothing. The case at bar falls clearly in the class of cases represented by St. Louis & S. F. Ry. Co. v. Model Laundry, supra, and the decision of the court in this case turns on the decision in that case."

The case at bar was not for liquidated damages, but the amount of damage sought was unliquidated and a question for the determination of the jury.

The jury passed thereon, held for plaintiff, and assessed the amount of her recovery.

The case is not such as to come within the rule requiring that a verdict be set aside. On the contrary, the amount of damages to which plaintiff was entitled was a question for the jury, and the judgment of the court upon the verdict of the jury will not be set aside when there is competent evidence reasonably tending to support the same.

The judgment of the trial court is affirmed.

SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur.